EARLIN ROY LEWALLEN, EMPLOYEE v. NATIONAL UPHOLSTERY COMPANY, EMPLOYER, AND LIBERTY MUTUAL INSURANCE CO., CARRIER

No. 7518IC607

(Filed 3 December 1975)

1. Master and Servant § 93— workmen's compensation — denial of motion to remand for further testimony

The Industrial Commission did not abuse its discretion in denying plaintiff's motion to set aside a workmen's compensation award and to remand the cause to the hearing commissioner for the purpose of taking further medical and lay testimony to clarify plaintiff's position.

2. Master and Servant § 72— workmen's compensation — findings as to disability

There was sufficient evidence in this workmen's compensation proceeding to support the Industrial Commission's determination that plaintiff was temporarily totally disabled, that he now has a 15% permanent partial disability of his right leg as a result of the injury by accident, and that he is entitled to compensation at the rate of $56 per week for 30 weeks.

APPEAL by plaintiff from the decision and award of the Full Commission of the North Carolina Industrial Commission filed 18 April 1975. Heard in the Court of Appeals 23 October 1975.

This is a proceeding under the Workmen's Compensation Act.

A claim was made by Earlin Roy Lewallen, employee of defendant National Upholstery Company, for compensation un-

der G.S. 97-2(6) for injuries sustained by accident arising out of and in the course of his employment. This case was originally heard on 7 November 1974 before Deputy Commissioner Denson who filed an Opinion and Award which allowed some benefits for total disability. However, the Commissioner terminated these on the basis that the employee refused surgery, and then awarded compensation for 15% permanent partial disability of the right leg. Thereafter, plaintiff appealed to the Full Commission and moved to set aside the award on the basis of a mistake in the medical evidence which was discovered after the award was filed. The Full Commission overruled the motion and adopted as its own the Opinion and Award of the Deputy Commissioner. Facts sufficient for an understanding of the questions raised by this appeal are set forth in the following pertinent portions of the Opinion and Award of the Commission:

"FINDINGS OF FACT

1. On May 15, 1972, plaintiff was pulling a pack of sofa bed frames, consisting of metal and wooden parts, from a stack when a frame fell and struck him from behind on his right leg between his thigh and calf of that leg. Plaintiff was knocked down and a few minutes later had an upset stomach and was feeling pain and went home.

2. Plaintiff, presently 62 years old with a fourth grade education, was out of work from the date of the injury to June 5, 1972. He saw Dr. Robert C. Johnson of High Point on May 17, 1972, who found no swelling or deformity but found tenderness on the lateral side of the knee. Dr. Johnson treated with medication and advised him to stay off his feet.

3. Dr. Eulyss R. Troxler of Greensboro saw the plaintiff on August 14, 1972. Dr. Troxler found some bowing of the right leg at the knee and tenderness over the knee. Dr. Troxler advised plaintiff to avoid unnecessary stooping and squatting, to use a cane if necessary but to continue work.

4. Plaintiff was seen by Dr. Hugh T. Wallace of High Point on September 29, 1972; by Dr. M. B. Hussey of High Point on February 16, 1973; by Dr. Johnson again on February 21, 1973; and by Dr. Ben L. Allen of Duke

University Medical Center on May 23, 1973 and July 18, 1973.

5. Plaintiff was examined and treated by Dr. Robert W. Gaines, Jr., of Duke University Medical Center on July 26, 1973, August 15, 1973 and September 14, 1973. Dr. Gaines indicated that plaintiff had two problems: (1) severe degenerative disease at the lumbosacral spine and (2) moderately severe degenerative arthritis of the right knee—a condition aggravated by his injury.

6. Plaintiff was scheduled for surgery on his knee on August 24, 1973, but decided not to have surgery. Dr. Gaines therefore gave him a disability rating on the September 14, 1973, visit of 25 per cent of his back based on the degenerative disease of the lumbosacral spine and .15 percent permanent partial disability of the right leg as a result of the arthritic condition aggravated by the injury.

7. Plaintiff has not worked since June 29, 1973, because of his physical condition. Dr. Gaines noted at the time he saw plaintiff that he was totally disabled from working. Plaintiff was therefore temporarily totally disabled from June 29, 1973, until he declined surgery and was rated by Dr. Gaines.

8. Plaintiff was examined by Dr. Blaine S. Nashold, Jr., of the Duke University Medical Center on August 15, 1973. Dr. Nashold testified as a stipulated medical expert in neurosurgery. Dr. Nashold's neurological findings in examining plaintiff's back and legs were normal.

The above Findings of Fact and Conclusions of Law engender the following additional

### CONCLUSIONS OF LAW

1. On May 15, 1972, plaintiff sustained an injury by accident arising out of and in the course of his employment. G.S. 97-2 (6).

2. As a result of the injury by accident giving rise hereto plaintiff was temporarily totally disabled from May 16 to June 5, 1972, and from June 30, 1973 to September 14, 1973, and he is entitled to compensation at the rate of $56.00 per week for such period. G.S. 97-29.

3. Plaintiff has a 15 percent permanent partial disability of his right leg as a result of the injury by accident and is entitled to compensation at the rate of $56.00 per week for 30 weeks beginning September 14, 1973. G.S. 97-31 (15).

Based upon the foregoing Findings of Fact and Conclusions of Law, the undersigned enters the following. . . ."

From the Opinion and Award of the Full Commission, plaintiff appealed.

*Harold I. Spainhour, for plaintiff appellant.*

*Lovelace & Gill, by James B. Lovelace, for defendant appellees.*

MARTIN, Judge.

[1] Plaintiff contends that a mistake in the medical evidence which was presented to the Deputy Commissioner was prejudicial to him. Further, he contends that the failure of the Full Commission to receive further evidence in its discretion to clarify the claimant's position was error. The Commission, upon an appeal to it from an opinion and award of the hearing commissioner, has the discretionary authority to receive further evidence regardless of whether it was newly discovered evidence. G.S. 97-85. We hold that the Commission did not abuse its discretion and did not commit error in denying plaintiff's motion to set aside the Opinion and Award and to remand to the hearing commissioner for the purpose of taking further medical and lay testimony. *See Harris v. Construction Co.,* 10 N.C. App. 413, 179 S.E. 2d 148 (1971).

Plaintiff further contends that there was not competent evidence in the record to support the Opinion and Award by the Full Commission.

"The findings of fact of the Industrial Commission are conclusive and binding on appeal if supported by competent evidence in the record even though the record contains evidence which would support a contrary finding. (Citations). The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony; it may accept or reject all of the testimony of a witness; it may accept a part or reject a part. (Citations). The Commission has the duty and authority to resolve conflicts in

the testimony of a witness or witnesses. If the findings made by the Commission are supported by competent evidence, they must be accepted as final truth." *Blalock v. Roberts Co.*, 12 N.C. App. 499, 183 S.E. 2d 827 (1971).

[2]  After considering all of the testimony in the record in the light of the foregoing well established principles of law, it is our opinion that there is sufficient competent evidence in the record to support the Commission's finding and concluding that plaintiff was temporarily totally disabled, that he now has a 15% permanent partial disability of his right leg as a result of the injury by accident, and that he is entitled to compensation at the rate of $56.00 per week for thirty weeks.

The Opinion and Award of the North Carolina Industrial Commission dated 18 April 1975 is affirmed.

Affirmed.

Judges MORRIS and PARKER concur.