VERNON LYNCH, EMPLOYEE v. M. B. KAHN CONSTRUCTION COMPANY, EMPLOYER, SELF-INSURED

No. 7710IC952

(Filed 1 May 1979)

Master and Servant § 85.3— workmen's compensation—review and amendment of award—commission's discretionary powers

Giving the language of G.S. 97-85 the liberal construction to which it is entitled, the Court holds that the powers which are granted therein to the full Industrial Commission to "review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award," are plenary powers to be exercised in the sound discretion of the Commission; specifically, whether "good ground be shown therefor" in any particular case is a matter within the sound discretion of the Commission, and the Commission's determination in that regard will not be reviewed on appeal absent a showing of manifest abuse of discretion.

ON writ of certiorari to review order of the North Carolina Industrial Commission entered 11 August 1977. Heard in the Court of Appeals 24 August 1978.

This is a proceeding under the Workmen's Compensation Act to recover benefits for injury by accident which occurred on 1 March 1973 when plaintiff slipped and fell while working as a carpenter for the defendant on a construction project in Rocky Mount, N.C. Hearings were held before Deputy Commissioners on 21 May 1976, 22 September 1976, and 17 March 1977 at which plaintiff presented evidence to show that while working on the job on 1 March 1973 he slipped and fell, striking his right hip on a 4 x 4 piece of timber. At first he did not think he had been hurt

by the fall, and he did not report it to his foreman until 5 March 1973. Later, he suffered pain for which he was treated some two weeks after the accident by Dr. Armstrong in Nashville, who gave him pills and a shot in his right hip. Plaintiff continued to work for defendant until 8 May 1973, when he was admitted to Nash General Hospital under the care of Dr. Cleaver, who placed his right leg in traction. He did not get relief from this treatment, and on 22 May 1973 he went to Duke University Medical Center, where Dr. Guy L. Odom operated on him to remove a ruptured disc. Dr. Odom testified that he continued to treat plaintiff and that in his opinion plaintiff reached maximum improvement by 13 December 1973 with a 20 per cent permanent partial disability.

The deputy hearing commissioner sustained objections by defendant's counsel to two questions asked of Dr. Odom as to whether the witness had an opinion satisfactory to himself "as to what caused" the condition of which plaintiff complained. Dr. Odom then went on to testify that plaintiff's condition "could easily have been caused by other factors other than a fall or a blow or something like that. You can just wake up in the morning and there it is without any precipitating incident, injury, or other difficulty."

Defendant presented evidence to show that plaintiff continued to work for about eleven weeks after 1 March 1973 and that plaintiff did not report his injury to defendant in writing until February, 1974.

On 20 April 1977 Deputy Commissioner Delbridge filed his opinion and award finding that plaintiff sustained an injury by accident arising out of and in the course of his employment on 1 March 1973 by reason of which he was entitled to compensation for temporary total disability from 8 May 1973 to 13 December 1973 and for 20 percent permanent partial disability of the back for a period of sixty weeks. On appeal by the employer, the Full Commission on its own motion on 11 August 1977 ordered "that this case be remanded and placed on the Durham Docket to take additional medical testimony concerning the causal connection only," and directed that "[u]pon completion of this testimony, the case shall be referred back to the Full Commission for an Opinion and Award."

From the order of the Full Commission defendant gave notice of appeal to the Court of Appeals and subsequently filed with this Court its petition for writ of certiorari to review the Commission's order.

*Banzet & Banzet and Lewis Alston Thompson for plaintiff.*

*Hedrick, Parham, Helms, Kellam & Feerick by J. A. Gardner III for defendant.*

PARKER, Judge.

No appeal lies from an interlocutory order of the North Carolina Industrial Commission. *Vaughn v. Dept. of Human Resources,* 37 N.C. App. 86, 245 S.E. 2d 892 (1978). Only from a final order or decision of the Industrial Commission is there an appeal of right to this Court. G.S. 7A-29; G.S. 97-86. No final order or decision of the Commission has yet been entered in this case, and defendant's attempted appeal from the Commission's interlocutory order is dismissed. Nevertheless, in order that we may pass upon the question which defendant seeks to present concerning the extent of the Full Commission's power to receive further evidence in a compensation case after an award has been entered by a single commissioner or a deputy commissioner, we grant defendant's petition for writ of certiorari.

Insofar as pertinent to the question here presented, G.S. 97-85 provides:

> If application is made to the Commission within 15 days from the date when notice of the award [made by a commissioner or deputy commissioner pursuant to G.S. 97-84] shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award. . . .

Defendant contends that the Commission in the present case exceeded the power granted it by G.S. 97-85 to "receive further evidence" in that here no "good ground" has been shown therefor. More particularly, defendant contends that plaintiff failed, after three hearings, to present any competent medical evidence to establish a causal connection between the accident which occurred on 1 March 1973, when he fell and struck his right hip, and

his ruptured intervertebral disc, which Dr. Odom removed and which caused plaintiff's disability. From this, defendant argues that the plaintiff, who had the burden of proof, simply failed to present sufficient evidence to establish a compensable claim, and defendant contends that the "good ground" which G.S. 97-85 requires to be shown before the Commission may "receive further evidence" means something more than the mere failure of a claimant to make out his case after he has had a fair opportunity to do so. For these reasons, defendant contends that the Commission exceeded its powers in remanding the case for further testimony and that it should have simply reversed the deputy commissioner's award as being unsupported by competent evidence. We do not agree.

It is axiomatic that the Workmen's Compensation Act should be liberally construed to achieve its purpose of providing compensation to employees injured by accident arising out of and in the course of their employment and that its benefits should not be denied by a technical or narrow construction of its language. *Hollman v. City of Raleigh*, 273 N.C. 240, 159 S.E. 2d 874 (1968). Consistent with this approach, we have held that procedurally "[t]he strict rules applicable to ordinary civil actions are not appropriate in proceedings under the Act." *Conklin v. Freight Lines*, 27 N.C. App. 260, 261, 218 S.E. 2d 484, 485 (1975). In that case we affirmed .an order of the Industrial Commission which, after making an award of partial benefits, retained jurisdiction in order to give the claimant a second chance to prove his case for additional benefits. We have also held that the Commission, upon appeal to it from an opinion and award of the hearing commissioner, had the discretionary authority to receive further evidence regardless of whether it was newly discovered evidence. *Lewallen v. Upholstery Co.*, 27 N.C. App. 652, 219 S.E. 2d 798 (1975); *Harris v. Construction Co.*, 10 N.C. App. 413, 179 S.E. 2d 148 (1971).

We now hold that, giving the language of G.S. 97-85 the liberal construction to which it is entitled, the powers which are granted therein to the full Commission to "review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award," are plenary powers to be exercised in the sound discretion of the Commission. Specifical-

ly, we hold that whether "good ground be shown therefore" in any particular case is a matter within the sound discretion of the Commission, and the Commission's determination in that regard will not be reviewed on appeal absent a showing of manifest abuse of discretion. Clearly, no manifest abuse of the Commission's discretion has been shown in the present case.

The Commission's order in this case is

Affirmed.

Judges CLARK and ERWIN concur.