OREE FISHER, EMPLOYER-PLAINTIFF v. E. I. DU PONT DE NEMOURS, EMPLOYER, SELF-INSURED, DEFENDANT

No. 8110IC82

(Filed 6 October 1981)

**Master and Servant §§ 95, 95.1— workers' compensation proceeding—notice of appeal not timely—interlocutory appeal**

Defendant's purported appeal from a workers' compensation proceeding must be dismissed where the notice of appeal was filed after the expiration of the thirty-day period provided by G.S. 96-86. Furthermore, the appeal must be dismissed as interlocutory where the Industrial Commission determined only that plaintiff sustained an injury by accident and no final award has been entered.

APPEAL by defendant from the opinion and award of the North Carolina Industrial Commission filed 24 October 1980. Heard in the Court of Appeals 2 September 1981.

*Michaels & Jernigan, by Paul J. Michaels and Leonard T. Jernigan, Jr., for plaintiff-appellee.*

*Wallace, Langley, Barwick, Llewellyn & Landis, by F. E. Wallace, Jr., and P. C. Barwick, for defendant-appellant.*

MARTIN (Robert M.), Judge.

This appeal must be dismissed. The procedure for appeal from the full Commission shall be as provided in the North Carolina Rules of Appellate Procedure. N.C. Gen. Stat. 97-86. The full Commission filed its opinion and award on 24 October 1980.

Defendant could, within thirty days from the date of the award,[1] but not thereafter, appeal from the decision of the Commission to the Court of Appeals. N.C. Gen. Stat. 97-86; Rule 18(b), N.C. Rules App. Proc. The thirty days expired on Monday, 24 November 1980 (the thirtieth day being Sunday, 23 November 1980). Defendant's notice of appeal is dated 25 November 1980 and was mailed for service on that date. The notice of appeal was filed after the expiration of the thirty-day period. For failure to enter notice of appeal within the required time, this Court did not obtain jurisdiction, and the appeal must be dismissed. *Oliver v. Williams,* 266 N.C. 601, 146 S.E. 2d 648 (1966); *Brooks v. Matthews,* 29 N.C. App. 614, 225 S.E. 2d 159 (1976). *See Higdon v. Light Co.,* 207 N.C. 39, 175 S.E. 710 (1934).

Moreover, the attempted appeal is interlocutory, and it should be dismissed for that reason.

> The award of the Industrial Commission, as provided in G.S. 97-84, if not reviewed in due time, or an award of the Commission upon such review, as provided in G.S. 97-85, shall be conclusive and binding as to all questions of fact; but either party to the dispute may within 30 days from the date of such award or within 30 days after receipt of notice to be sent by registered mail or certified mail of such award, but not thereafter, appeal from the decision of said Commission to the Court of Appeals for errors of law under the same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions. The procedure for the appeal shall be as provided by the rules of appellate procedure.

N.C. Gen. Stat. § 97-86 (1977).

In this case the Commission has not entered an award from which defendant may appeal. The Commission has only determined that plaintiff had sustained an injury by accident. The parties requested that only this issue be resolved by the Commission. The parties cannot by stipulation modify the extent of appellate

---

1. The statute also allows notice of appeal to be made within thirty days after receipt of notice by registered or certified mail of the award. The record on appeal, however, is devoid of anything indicating that notice of the award was so mailed. We are bound by the record before us.

review prescribed in the statute. It is true that the Commission ordered defendant to pay the costs; however, that does not make the decision a final order or award for the purposes of appellate review. The question of the amount of compensation plaintiff is entitled to receive has not been determined in this case. No final award has been entered. Until a final order or award has been entered by the Commission, defendant has no right of appeal. *Lynch v. Construction Co.*, 41 N.C. App. 127, 254 S.E. 2d 236, *dis. rev. denied,* 298 N.C. 298 (1979); *Vaughn v. Dept. of Human Resources,* 37 N.C. App. 86, 245 S.E. 2d 892 (1978), *aff'd,* 296 N.C. 683 (1979); N.C. Gen. Stat. § 7A-29 (1967 & Supp. 1979).

It should be noted that the failure of the defendant to comply with Rule 28(b)3, N.C. Rules App. Proc. also mandates the dismissal of this appeal.

For the foregoing reasons this appeal must be dismissed.

Dismissed.

Judges MARTIN (Harry C.) and BECTON concur.