PROVIDENT FINANCE COMPANY v. JAMES AND VERA LOCKLEAR

No. 8716DC391

(Filed 5 April 1988)

**Courts § 14.2; Rules of Civil Procedure § 58— magistrate's small claim judgment—time of entry—belated notice of appeal**

N.C.G.S. § 7A-224 does not control the manner of "entry" of a magistrate's judgment under N.C.G.S. § 1A-1, Rule 58 but merely requires that a magistrate's judgment in a small claim action be rendered in writing in order to be deemed a judgment of the district court entitled to recording and indexing as any other district court judgment. Therefore, a judgment was entered by the magistrate when he announced his judgment in open court and noted it in his minutes, not when he filed his written judgment four days later, and plaintiff's written notice of appeal filed more than ten days after the judgment was announced in open court was not timely. N.C.G.S. § 7A-228(a).

APPEAL by plaintiff from *Behan (Adelaide G.), Judge.* Judgment entered 12 December 1986 in District Court, SCOTLAND County. Heard in the Court of Appeals 27 October 1987.

*Etheridge, Moser and Garner, P.A., by Terry R. Garner, for plaintiff-appellant.*

*Lumbee River Legal Services, Inc., by Janet H. Roach, for defendant-appellees.*

GREENE, Judge.

The sole issue presented on appeal is whether plaintiff gave timely written notice of appeal to the district court from a magistrate's judgment in a small claims action. The magistrate announced his judgment in open court on 22 August 1986 and noted it in his minutes. He prepared his written judgment later the same day but did not file it until 26 August 1986. Plaintiff filed its written notice of appeal fourteen days after 22 August 1986. The District Court dismissed the appeal for trial *de novo* since plain-

tiff's notice was filed too late under N.C.G.S. Sec. 7A-228(a) (1986) which states in part:

> After final disposition before the magistrate, the sole remedy for an aggrieved party is appeal for trial *de novo* before a district court judge or a jury. Notice of appeal may be given orally in open court upon announcement or after entry of judgment. If not announced in open court, written notice of appeal must be filed in the office of the clerk of superior court within 10 days after entry of judgment.

Although plaintiff's written notice of appeal was filed fourteen days after the magistrate announced his judgment in open court, plaintiff nevertheless contends that notice was timely. Plaintiff first notes that N.C.G.S. Sec. 7A-224 (1986) states:

> Judgment in a small claim action is rendered in writing and signed by the magistrate. The judgment so rendered is a judgment of the district court, and is recorded and indexed as are judgments of the district and superior court generally. Entry is made as soon as practicable after rendition.

Plaintiff construes Section 7A-224 to mean that a magistrate can never "render" a small claims judgment until he reduces it to writing. As the magistrate here did not prepare his written judgment in open court, plaintiff contends that the judgment was therefore not "rendered" in open court. Under Rule 58, judgments rendered out of court are not deemed "entered" until the clerk mails copies of the written and filed judgment to all parties. N.C.G.S. Sec. 1A-1, Rule 58 (1987) (where judgment not rendered in open court, entry of judgment deemed complete when judgment filed and clerk mails notice to all parties). As the evidence is clear that the clerk has never mailed any copies of the magistrate's judgment to the parties, plaintiff concludes that the magistrate's judgment has never been properly entered and therefore its notice of appeal cannot be untimely under Section 7A-228.

While plaintiff's argument is logical, its premise is false: Section 7A-224 does not control the manner of "rendering" magistrate's judgments under Rule 58; Section 7A-224 merely requires the magistrate's judgment be rendered in writing in order to be deemed a judgment of the district court entitled to recording and indexing as any other district court judgment. *See* Sec. 7A-224

(judgment "so rendered" is judgment of district court). The statement that "entry is made as soon as practicable after rendition" merely refers to the entry of that judgment in the records and indexes of the general courts. *See Black's Law Dictionary* 478 (5th ed. 1979) ("entry" generally synonymous with "recording"). Thus, Section 7A-224 simply sets forth the requirements for filing a magistrate's judgment as a judgment of the district court.

Conversely, Rule 58 specifically controls the determination of the magistrate's "entry" of the small claims court judgment in the court minutes for purposes of appeal under Section 7A-228. Under Rule 58, the magistrate here "rendered" his judgment in open court since the evidence is clear that he announced the judgment in open court. *See Black's Law Dictionary* 1165 (5th ed. 1979) ("render judgment" means to "pronounce, state, declare or announce" judgment and is not synonymous with "entering, docketing or recording"). As the magistrate's judgment both dismissed plaintiff's action and awarded defendants a sum certain on their counterclaim, entry of the magistrate's judgment is deemed to occur at the time of rendition since Rule 58 provides that "the clerk . . . *shall* make a notation in his minutes of such . . . decision and such notation *shall* constitute entry of judgment . . . ." (emphasis added). Entry of the magistrate's judgment for purposes of Rule 58 was not less automatic simply because the magistrate himself (rather than a clerk) noted the judgment in the court minutes: Under Rule 17 of the General Rules of Practice of the Superior and District Courts, entries on court records may be made by the clerk, the deputy clerk, any person specifically directed by the presiding judge, or the judge himself. *See* N.C.G.S. Sec. 7A-34 (1986) (adopting such rules of court supplementing rules of civil procedure). Given the court's authority to note its own judgment in court records, we note the result under Rule 58 would be the same even if the judgment rendered in open court were not for a sum certain. *Cf.* Sec. 1A-1, Rule 58 (in "other cases where judgment is rendered in open court," clerk notes judgment in minutes "as the judge may direct . . .").

Accordingly, the record clearly reveals that the magistrate both rendered his judgment and entered it in his minutes on 22 August 1986. As entry under Rule 58 therefore occurred on 22 August 1986, the district court properly dismissed plaintiff's appeal since its written notice was not filed until 5 September 1986.

In passing, we note that Section 7A-228(a) provides for motions under Rule 60(b)(1) to set aside the magistrate's judgment; however, the district court's dismissal of this appeal must be

Affirmed.

Judges BECTON and PHILLIPS concur.