GOINS v. SANFORD FURNITURE CO.

[105 N.C. App. 244 (1992)]

---

CLARA M. GOINS, WIDOW AND SOLE SURVIVING WHOLE DEPENDENT OF DAVID GOINS, DECEASED EMPLOYEE, PLAINTIFF v. SANFORD FURNITURE COMPANY, EMPLOYER; LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 9110IC212

(Filed 21 January 1992)

**Master and Servant § 95.1 (NCI3d) — appeal not timely — dismissed**
Appeal from an opinion and award of the Industrial Commission is dismissed where notice of appeal was not timely filed. N.C.G.S. § 97-86.

**Am Jur 2d, Workmen's Compensation § 622.**

APPEAL by plaintiff from the Opinion and Award of the North Carolina Industrial Commission filed 4 December 1990. Heard in the Court of Appeals 3 December 1991.

## GOINS v. SANFORD FURNITURE CO.

[105 N.C. App. 244 (1992)]

*J. Douglas Moretz, P.A., by J. Douglas Moretz and Beverly D. Basden, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Susan K. Burkhart, for defendant-appellees.*

EAGLES, Judge.

The appellants have failed to timely give notice of appeal. "The procedure for appeal from the full Commission shall be as provided in the North Carolina Rules of Appellate Procedure. N.C. Gen. Stat. 97-86." *Fisher v. E. I. Du Pont De Nemours,* 54 N.C. App. 176, 177, 282 S.E.2d 543 (1981). G.S. 97-86 provides that "either party to the dispute may, within 30 days from the date of [the Commission's award] or within 30 days after receipt of notice to be sent by registered mail or certified mail of such award, but not thereafter, appeal" to this Court. The record before us here does not indicate whether notice of the award was mailed. We are bound by the record. *Fisher,* 54 N.C. App. at 177 n. 1, 282 S.E.2d at 543 n. 1. Accordingly, the appellant was required to file notice within thirty days from the date of the award. The full Commission filed its opinion and award on 4 December 1990. The statutorily allotted thirty days expired on 3 January 1991. However, the appellants filed notice of appeal on 4 January 1991, after expiration of the thirty day filing period. The appellants failed to timely perfect their appeal. *See Fisher v. E. I. Du Pont De Nemours,* 54 N.C. App. 176, 282 S.E.2d 543 (1981). *In re Appeal from Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (one panel of this Court is bound by a prior decision of another panel of this Court addressing the same issue, although in a different case, unless the prior decision has been overturned by a higher court). Because the appellants failed to timely perfect their appeal by giving notice within thirty days of the order, we lack subject matter jurisdiction to resolve this controversy. The appeal must be dismissed.

In any event, after carefully examining the issues raised by the appellant and the arguments proffered in the appellate briefs, we find this appeal to be meritless. Accordingly, we dismiss.

Dismissed.

Judges JOHNSON and ORR concur.