**BROWN v. BOOKER**

[121 N.C. App. 366 (1996)]

------

JAMES H. BROWN, EMPLOYEE-PLAINTIFF v. DAVID BOOKER D/B/A BOOKER EXPRESS AND U.S. INTERMODAL CORPORATION OF SOUTH CAROLINA, EMPLOYERS-DEFENDANTS AND LIBERTY MUTUAL INS. CO., INC., CARRIER-DEFENDANT

No. COA94-875

(Filed 2 January 1996)

**Workers' Compensation § 437 (NCI4th)— default judgment set aside—no hearing on the merits—appeal premature**

Because the Industrial Commission set aside the default judgment, this action requires a hearing on the merits, and plaintiff's appeal therefore is premature and is dismissed.

**Am Jur 2d, Appellate Review § 300.**

Appeal by plaintiff from Opinion and Award filed 16 March 1994 by the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 27 September 1995.

*Seth M. Bernanke for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Mika Z. Savir, for defendants-appellees U.S. Intermodal Corporation of South Carolina and Liberty Mutual Insurance Company, Inc.*

Per Curiam.

On 22 November 1991, plaintiff was involved in a motor vehicle accident in the truck he was driving for his employers in Candler

County, Georgia. Plaintiff suffered numerous injuries which required extensive treatment. On 5 December 1991, plaintiff was released by Dr. Hassanyheh of Metter, Georgia, to continue his care in North Carolina. He continued his care at Carolinas Medical Center in Charlotte, North Carolina.

Plaintiff filed a Form 18 claiming disability due to the accident. On the Form 18, plaintiff listed as his employer Booker Express/U.S. Intermodal Container Corporation of South Carolina, a transport company headquartered in Savannah, Georgia. Defendant U.S. Intermodal filed a response with the Georgia State Board of Workers' Compensation alleging improper jurisdiction. A copy of the Georgia form was also filed with the North Carolina Industrial Commission (Commission).

Plaintiff subsequently filed a Form 33 Request for Hearing. Defendants U.S. Intermodal and Liberty Mutual filed a Form 33R with the North Carolina Industrial Commission claiming that plaintiff was an employee of Booker Express, not U.S. Intermodal, and that the Commission did not have subject matter jurisdiction over the claim. The Form 33R was served on 24 July 1992. Plaintiff's counsel had previously asked the (former) Executive Secretary of the North Carolina Industrial Commission to enter a default judgment against defendants. The Executive Secretary signed and filed, on 28 July 1992, a judgment entering default and default judgment. Defendants U.S. Intermodal and Liberty Mutual filed notice of appeal to the Full Commission.

The Full Commission vacated the Opinion and Award finding that a default judgment is improper; that Rule 55 of the Rules of Civil Procedure is not applicable; that there is no provision in the Workers' Compensation Act itself that allows for default judgment; that the entry by the Executive Secretary purported to make findings of fact where there had been no hearing, nor evidence or facts stipulated to by the parties; and that subject matter jurisdiction does not exist.

There has not been an evidentiary hearing in this case, and no medical records or other documents have been stipulated into the Record. The Commission's Record consists only of the Form 18, Georgia State Board Form 33, Form 33R and the Opinion and Awards in this case.

We note that the Commission ruled, though unclearly, that it did not have subject matter jurisdiction and remanded the case for hear-

**BROWN v. BOOKER**

[121 N.C. App. 366 (1996)]

ing before the deputy commissioner. It appears that the Commission's conclusion that it lacked subject matter jurisdiction was based on the fact that the parties neither stipulated that subject matter jurisdiction existed, nor had a hearing been conducted by a deputy commissioner in which such an issue would have been determined. The Commission, therefore, ruled that there was no subject matter jurisdiction and remanded the case to the deputy commissioner presumably to determine all issues on the next available date.

Defendants U.S. Intermodal Corporation of South Carolina and Liberty Mutual Insurance Company, Inc. have been dismissed from the appeal pursuant to a settlement agreement. Defendant David Booker d/b/a Booker Express is the sole remaining defendant.

The Opinion and Award from which plaintiff appeals is interlocutory. An appeal does not lie from an interlocutory order of the North Carolina Industrial Commission. *Lynch v. Construction Co.*, 41 N.C. App. 127, 254 S.E.2d 236, *disc. review denied*, 298 N.C. 298, 259 S.E.2d 914 (1979). Because the Full Commission set aside the default judgment, the instant action has not been disposed of and requires further action, that is, a hearing on the merits of the case. *See Horne v. Nobility Homes, Inc.*, 88 N.C. 476, 363 S.E.2d 642 (1988). As no substantial right is involved in the instant action, nor will injury result if this action is not heard at this time, plaintiff is not entitled to an immediate appeal. Because the appeal is premature, it is subject to dismissal.

For the reason stated herein, the appeal from the Opinion and Award of the Full Commission is dismissed.

Appeal Dismissed.

Panel consisting of:

Judges JOHNSON, EAGLES and WYNN.