SHARON MONEA MOREHEAD
v.
JUNE TURNER WALL

No. COA12-750

Filed 31 December 2012

**Appeal and Error—appealability—untimely appeal—Rule 60 motions not a substitute**

    Although plaintiff appealed the dismissal of her appeal from small claims court to district court for trial *de novo* in an action arising from an automobile accident, the appeal was dismissed because plaintiff's first notice of appeal to the Court of Appeals was untimely filed. Plaintiff could not use N.C.G.S. § 1A-1, Rule 60 motions as a substitute for appeal.

    Appeal by plaintiff from orders entered 2 March 2011, 28 April 2011, 11 January 2012, and 2 April 2012 by Judge Doretta Walker in District Court, Durham County. Heard in the Court of Appeals 14 November 2012.

    *The Law Offices of Martin J. Horn, PLLC by Martin J. Horn, for plaintiff-appellant.*

    *Law Offices of Robert E. Ruegger by Robert E. Ruegger, for defendant-appellee.*

STROUD, Judge.

    Plaintiff appeals from the dismissal of her appeal from Small Claims Court to District Court for trial *de novo*. Because plaintiff's first notice of appeal to this Court was not timely filed and she then attempted to use motions under Rule 60 as a substitute for appeal, we must dismiss her appeal.

MOREHEAD v. WALL

[224 N.C. App. 588 (2012)]

## I. Procedural History

On 22 November 2010, Sharon Morehead ("plaintiff"), represented by counsel, filed a "Complaint for Money Owed" with the District Court Small Claims Division in Durham County, seeking to recover "damages for personal injuries and injury to her personal property for a sum as much as $5,000.00 and attorney fees." Plaintiff's claim was based upon her allegations of defendant's negligence in causing an automobile collision on 26 October 2010. On 10 December 2010, defendant answered plaintiff's complaint, denying the allegations of negligence and raising affirmative defenses of contributory negligence and sudden emergency. The case was heard before the Small Claims Court on 10 December 2010; both parties were present for trial. The magistrate rendered judgment in favor of the plaintiff on 10 December 2010 in open court and signed the judgment on that date. On 13 December 2010, the magistrate filed the judgment against defendant and in favor of plaintiff, awarding her the sum of $5,000.00 in damages and taxing costs in the sum of $86.00 to the defendant.

Plaintiff filed notice of appeal to the District Court on 21 December 2010 (and 22 December 2010).[1] Defendant filed a motion to dismiss plaintiff's appeal on 24 January 2011, based upon N.C. Gen. Stat. §§ 7A-228 and 224. Defendant argued that §§ 7A-228 and 224 require that notice of appeal to District Court be given within 10 days of the Magistrate's rendition and signing of judgment in open court and not from the "file stamp" date of filing of the written judgment. On 28 February 2011, the District Court heard defendant's motion to dismiss the appeal. The District Court entered an order allowing defendant's motion to dismiss plaintiff's appeal on 2 March 2011. In this order, the District Court found that plaintiff's notice of appeal to District Court was filed on 23 December 2010.[2]

Plaintiff filed a "Motion for Relief from Judgment or Order" under N.C. Gen. Stat. § 1A-1, Rule 60, on 28 February 2011 (the "first Rule 60 motion") claiming that if the notice of appeal to District Court was

---

1. Plaintiff actually filed notices on both dates. The parties had an extended dispute regarding the date which should appear on the Notice of Appeal. On 18 April 2010, plaintiff filed a "Motion for Judicial Declaration" pursuant to N.C. Gen. Stat. § 7A-103 requesting that the Clerk of Superior Court "order that the Notice of appeal file stamped on Monday, December 21, 2010 is valid and effective, Nunc Pro Tunc)". The Clerk determined that the notice was filed on 21 December 2010.

2. As noted above, there was a dispute as to whether the order was filed on 21 December or 22 December, 2010. No other document in the record reflects a filing date of 23 December 2010.

MOREHEAD v. WALL

[224 N.C. App. 588 (2012)]

filed a day late, it was due to the fact that personnel in the Clerk's office "misinformed/informed the Firms' (sic) paralegal as to the deadline for filing [the notice of appeal] which the clerk calculated as 10 days from the date the judgment was file stamped (that date being December 13, 2011)."[3] On 28 April 2011, the District Court entered an order denying plaintiff's first Rule 60 motion. In this order, the District Court found that the notice of appeal to District Court was filed on 22 December 2010 and concluded that the appeal was not timely filed under N.C. Gen. Stat. §§ 7A-224, 228 (2011) and *Provident Finance Co. v. Locklear*, 89 N.C. App. 535, 366 S.E.2d 599 (1988).[4]

Plaintiff then filed a "Motion to Reconsider and Second Motion for Relief from Judgment or Order" ("second Rule 60 motion") under N.C. Gen. Stat. § 1A-1, Rule 60,[5] again claiming for various reasons that her notice of appeal was not filed late and noting that the Clerk of Court had declared the notice to have been filed on 21 December 2010, or if the notice was a day late, this delay was based upon excusable neglect. On 28 April 2011, the District Court heard the second Rule 60 motion, and on 11 January 2012, the District Court entered an order denying plaintiff's second Rule 60 motion.

On 18 May 2011, plaintiff filed notice of appeal to this Court from the District Court's order dismissing plaintiff's appeal to District Court, the order denying plaintiff's first Rule 60 motion entered on 28 April 2011, and the order denying plaintiff's second Rule 60 motion. As noted above, the District Court entered an order on 11 January 2012 denying plaintiff's second Rule 60 motion. Thus, the notice of appeal from the 11 January 2012 order was filed prior to entry of the order.

On 26 January 2012 plaintiff filed a motion to reconsider and a third motion for relief from judgment or order ("third Rule 60 motion") pursuant to N.C. Gen. Stat. § 1A-1, Rule 60, requesting correction of Finding of Fact 8 in the order entered 11 January 2012, which said

---

3. Although it was filed prior to entry of the order on 2 March 2011, plaintiff's Second Motion for Relief under N.C. Gen. Stat. § 1A-1, Rule 60 refers to that order.

4. Although we cannot consider the substantive issues raised by plaintiff's appeals for the reasons noted below, in the interest of the efficient operation of our courts, we do wish to point out that the clerk did not "misinform" anyone. *Provident Finance Co. v. Locklear*, 89 N.C. App. 535, 366 S.E.2d 599 (1988) has been abrogated by the 1994 modifications to Rule 58 and Rule 58 now specifically provides that entry of judgment in a small claims action occurs when the judgment is "reduced to writing, signed by the judge, and filed with the clerk of court." Unfortunately, it appears that neither the attorneys nor the District Court were aware of the 1994 amendments.

5. The District Court's order notes that plaintiff proceeded under Rule 60(b)(1) and (6).

that the Clerk of Court held an "ex parte" hearing, when actually "both parties were present and represented by counsel." On or about 9 March 2012, Defendant filed a motion for sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 11, based upon two grounds: (1) plaintiff repeatedly filed motions asking the District Court to reconsider the same issues; and (2) plaintiff had no right to appeal to District Court for trial *de novo* because she was not an aggrieved party, as the magistrate had awarded her all the damages she sought. Defendant then withdrew the motion for sanctions in open court.

On 2 April 2012, the District Court entered an order allowing plaintiff's third Rule 60 motion. This order allowed plaintiff's request to strike the "words "ex parte" from paragraph 8 of the 11 January 2012 order;" there was no substantive change to the order. This order also noted that defendant raised the argument that plaintiff had no right to appeal to District Court for trial *de novo* under N.C. Gen. Stat. § 7A-228 because she was not an "aggrieved party," but the District Court "did not make any ruling on that point and declined to make such a provision as the basis for its decision."

Plaintiff filed another notice of appeal to this Court, entitled "***AMENDED*** NOTICE OF APPEAL" on 10 April 2012, from all of the orders of the District Court noted above, including the 2 April 2012 order.

## II. Timeliness of Appeal to this Court

Although neither party has addressed this issue, we must first consider whether this Court has jurisdiction to consider this appeal. With this Court, Plaintiff filed two notices of appeal, to four different orders, with many motions and the first notice of appeal being filed even before some of the relevant orders were entered. In addition, the notices of appeal contain errors as to various dates. This makes the analysis unduly complex, and the fact that neither party recognizes the issue is somewhat ironic as the parties thoroughly briefed the issue of timeliness of the appeal to District Court and neglected to realize that the appeal to this Court was untimely.

Under our North Carolina Rules of Appellate Procedure, Rule 3(c), "Time for Taking Appeal," states, in pertinent part, the following:

In civil actions and special proceedings, a party must file and serve a notice of appeal:

> (1) within 30 days after entry of judgment if the party has been served with a copy of the judgment within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure; or

> (2) within 30 days after service upon the party of a copy of the judgment if service was not made within that three-day period....

N.C. R.App. P. 3(c) (2007). The provisions of Rule 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal. Motions entered pursuant to Rule 60 do not toll the time for filing a notice of appeal. See N.C. R.App. P. 3(c) (2007).

*Wallis v. Cambron*, 194 N.C. App. 190, 192-93, 670 S.E.2d 239, 241 (2008) (other citation and quotation marks omitted).

First, as to the 2 March 2011 order allowing the motion to dismiss the appeal to District Court, the first notice of appeal to this Court was filed on 28 April 2011, more than 30 days after entry of the order, and thus was not timely filed. N.C.R. App. P. 3(c). Plaintiff's appeal as to the first order is therefore dismissed.

### III. Rule 60 Motions

The second order, which denied plaintiff's first Rule 60 motion, was entered on 28 April 2011,[6] and the first notice of appeal to this Court was filed on 18 May 2011. However, plaintiff's first motion for relief was based upon Rule 60, as noted above.

A motion pursuant to Rule 60 cannot be used as a substitute for an appeal of the underlying order to correct errors of law. *Hagwood v. Odom*, 88 N.C. App. 513, 519, 364 S.E.2d 190, 193 (1998). "[I]t is settled law that erroneous judgments may be corrected only by appeal. Neither a Rule 59 motion nor a Rule 60 motion may be used as a substitute for an appeal." *Musick v. Musick*, 203 N.C. App. 368, 371, 691 S.E.2d 61, 63 (2010) (citations, quotation marks, and brackets omitted). A motion under Rule 59 (although not Rule 60) will toll

---

6. Although the Notice of Appeal incorrectly identifies the order as having been entered on 27 April 2011, it also identifies the order as the "ruling of the Honorable Judge Doretta L. Walker, District Court Judge Presiding . . . on . . . Plaintiff's Motion for Relief from Judgment pursuant to Rule 60 [which] was heard on March 28, 2011." No order was entered by the District Court on 27 April 2011, although the order by the Clerk of Court was entered on that date.

the time for appeal of the underlying order. *See Davis v. Davis,* 360 N.C. 518, 526, 631 S.E.2d 114, 120 (2006) ("An aggrieved party is not required to file a Rule 59 motion to preserve the right to appeal, but upon timely motion under Rule 59, the thirty day period for taking an appeal is tolled until an order disposing of the motion is entered. N.C.R. App. P. 3(c)(3). Thus, in addition to obtaining review of the denial of a Rule 59 motion, an aggrieved party who gives proper and timely notice of appeal from the underlying ruling may have the underlying judgment or order reviewed on appeal.")

Plaintiff's appeal from the order denying her first Rule 60 motion must also be dismissed. Plaintiff's first Rule 60 motion did not toll the time for appeal from the dismissal of the notice of appeal to District Court. Plaintiff also may not use a Rule 60 motion to correct the District Court's legal error in calculating the time to file the notice of appeal to District Court. Her only avenue for review of the dismissal order was a timely appeal or a petition for certiorari, *see* N.C.R. App. P. 21(a)(1) ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]"), not a Rule 60 motion.

The same is true of plaintiff's appeal from the 11 January 2012 order denying her second Rule 60 motion, which also attempted to correct an error of law, and we must also dismiss her appeal from this order.

Plaintiff's third Rule 60 motion, filed on 30 January 2012, was after the notice of appeal, but this motion addressed only an error in the 11 January 2012 order. Although the motion does not identify the subsection of Rule 60 under which it was filed, it would appear to be based upon subsection (a), which provides that

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate division, and thereafter while the appeal is pending may be so corrected with leave of the appellate division.

N.C. Gen. Stat. § 1A-1, Rule 60(a).

The District Court's order was entered on 2 April 2012, and the order granted the relief requested, by striking the words "ex parte" in paragraph 8 of the 11 January 2012 order. The trial court still had jurisdiction to enter this order as the appeal was not docketed in the appellate division until 20 June 2012. Plaintiff's amended notice of appeal, filed on 9 April 2012, included this order as well as the same three as in the first notice of appeal. The second notice of appeal to this Court was timely as to the 2 April 2012 order.

The 2 April 2012 order only made a clerical correction to the 11 January 2012 order, and plaintiff's notice of appeal was apparently filed only to address the other issue raised in that order: the District Court's decision not to address the issue raised by defendant as to whether plaintiff was an "aggrieved party" in her appeal from Small Claims Court to District Court. As the District Court granted the relief which plaintiff sought by correcting the clerical error in the 11 January 2012 order—removal of the words "ex parte"—plaintiff is not an aggrieved party entitled to appeal to this Court. *See Diaz v. Smith,* ___ N.C. App. ___, ___, 724 S.E.2d 141, 144 (2012) ("If the party seeking appeal is not an aggrieved party, the party lacks standing to challenge the lower tribunal's action and any attempted appeal must be dismissed." (citations and quotation marks omitted)). Further, for the reasons stated above, we cannot consider the portion of the 2 April 2012 order concerning the District Court's dismissal of plaintiff's appeal to that court. Therefore, we also dismiss plaintiff's appeal as to the District Court's 2 April 2012 order.

For the reasons stated above, we dismiss plaintiff's appeals as to the District Court's orders of 2 March 2011, 28 April 2011, 11 January 2012, and 2 April 2012.

DISMISSED.

Judge ELMORE concurs.

Judge BEASLEY concurred prior to 17 December 2012.