DAVIS, Judge.
Douglas Cramer ("Plaintiff") appeals from the trial court's 10 November 2014 equitable distribution order and its 5 October 2015 order denying his motion to set aside the equitable distribution order. After careful review, we dismiss Plaintiff's appeal.
Factual and Procedural Background
Plaintiff and Natalie F. Perry ("Defendant") were married on 27 January 1996 and separated on 12 July 2007. On 10 November 2014, the trial court issued an equitable distribution order distributing the marital property. On 24 November 2014, Plaintiff filed a "Motion to Set Aside &/Or For New Trial-ED Judgment/Order of 11/10/14" pursuant to Rules 52(b), 59(a), and 60(b) of the North Carolina Rules of Civil Procedure, requesting that the 10 November 2014 order be set aside.
On 9 April 2015, a hearing was held in Wake County District Court on Plaintiff's motion, and on 5 October 2015, the trial court entered an order denying his motion. On 5 November 2015, Plaintiff filed a notice of appeal as to the trial court's 10 November 2014 and 5 October 2015 orders.
Analysis
Before addressing the merits of Plaintiff's appeal, we must first determine whether appellate jurisdiction exists over the appeal. See Radcliffe v. Avenel Homeowners Ass'n , --- N.C. App. ----, ----, 789 S.E.2d 893, 900 (2016) ( "Initially, we must determine whether we have jurisdiction over Plaintiff's appeal....")
"It is well established that failure to give timely notice of appeal is jurisdictional, and an untimely attempt to appeal must be dismissed." In re A.L. , 166 N.C. App. 276, 277, 601 S.E.2d 538, 538 (2004) (citation, quotation marks, brackets, and ellipsis omitted). Rule 3 of the North Carolina Rules of Appellate Procedure states, in pertinent part, as follows:
(c) Time for Taking Appeal. In civil actions and special proceedings, a party must file and serve a notice of appeal:
(1) within thirty days after entry of judgment if the party has been served with a copy of the judgment within the three day period prescribed by Rule 58 of the Rules of Civil Procedure ; or
(2) within thirty days after service upon the party of a copy of the judgment if service was not made within that three day period; provided that
(3) if a timely motion is made by any party for relief under Rules 50(b), 52(b) or 59 of the Rules of Civil Procedure, the thirty day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion and then runs as to each party from the date of entry of the order or its untimely service upon the party, as provided in subdivisions (1) and (2) of this subsection (c).
N.C. R. App. P. 3(c).
Rule 58 of the North Carolina Rules of Civil Procedure provides that "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court. The party designated by the judge ... shall serve a copy of the judgment upon all other parties within three days after the judgment is entered." N.C. R. Civ. P. 58 (2016).
In the present case, Plaintiff's thirty-day deadline for appealing the 10 November 2014 equitable distribution order was tolled pursuant to Rule 3(c)(3) until the 5 October 2015 order on Plaintiff's motion to set aside the equitable distribution order was entered. However, once the 5 October 2015 order was filed, Plaintiff then had thirty days from the following day in which to file his notice of appeal based on Rule 3(c)(1). This is so because Plaintiff expressly stated in his notice of appeal that the 5 October 2015 order was "served upon undersigned counsel via delivery by U.S. mail, on or about October 7, 2015." Therefore, because Plaintiff received the trial court's order within three days of the entry of judgment, Rule 3(c)(1) applied. However, Plaintiff did not file his notice of appeal until 5 November 2015, which was thirty-one days after entry of the 5 October 2015 order.
Accordingly, Plaintiff has failed to file a timely notice of appeal. Therefore, we must dismiss his appeal for lack of jurisdiction. See Goins v. Sanford Furniture Co. , 105 N.C. App. 244, 245, 412 S.E.2d 172, 173 (1992) (dismissing appeal filed one day after applicable deadline expired for taking notice of appeal); see also Morehead v. Wall , 224 N.C. App. 588, 592, 736 S.E.2d 798, 801 (2012) ("[A]s to the 2 March 2011 order ... notice of appeal to this Court was filed on 28 April 2011, more than 30 days after entry of the order, and thus was not timely filed. Plaintiff's appeal as to the first order is therefore dismissed." (citation omitted)).
Conclusion
For the reasons stated above, we dismiss Plaintiff's appeal.
DISMISSED.
Report per Rule 30(e).
Judges CALABRIA and TYSON concur.