STROUD, Judge.
Before we even attempt to address any underlying facts or issues, we note that the record on appeal is confusing and appears to lack even the order from which plaintiff now apparently claims to appeal; in addition, we do not even know for certain what order plaintiff is appealing, as there is neither a recent order nor a recognizable notice of appeal in this record. What follows is our brief attempt at laying out the underlying procedural facts, to the best of our ability with these limitations. The only thing we know for certain is that this appeal must be dismissed.
On or about 20 March 2002, the North Carolina Industrial Commission ("Commission") filed an order suspending payment of compensation to plaintiff continuing until he complied with the prescribed medical treatment. Plaintiff's appeal to the North Carolina Court of Appeals was apparently dismissed for failure to timely and properly file a record on appeal. On 21 January 2003, the Commission filed an order ruling that because the appeal was dismissed, its opinion and award filed on 17 June 2002[1] was final and binding. According to this Court's records, on 16 September 2003 plaintiff filed a petition for writ of certiorari in this Court seeking belated appellate review. This Court denied the petition on 22 December 2003.
On 30 May 2017, plaintiff filed a record on appeal in this Court. To appeal an opinion and award or order of the Commission, the aggrieved party must file notice of appeal within 30 days after receipt of the decision of the Commission in accordance with the North Carolina Rules of Appellate Procedure. N.C. Gen. Stat. § 97-86 (2015). The 30-day period for an appeal in this matter has long passed. Rule 18(b)(2) of the Rules of Appellate Procedure provides that the notice of appeal must be filed and served within 30 days after receipt of the final order of an agency or commission. This rule further provides that the notice of appeal shall specify the party taking the appeal, designate the final agency determination from which appeal is taken and the court to which appeal is taken, and be signed by the party if not represented by counsel. N.C.R. App. P. 18(a)(2). Rule 18(c)(9) requires that a copy of the notice of appeal be included in the record on appeal. Failure to give timely notice of appeal will cause dismissal of the appeal. Fisher v. E. I. Du Pont De Nemours, 54 N.C. App. 176, 177, 282 S.E.2d 543, 543 (1981). Because the record on appeal contains no notice of appeal showing appeal was timely and properly given, the appeal is dismissed.
DISMISSED.
Report per Rule 30(e).
Chief Judge McGEE and Judge DILLON concur.

This order is nowhere to be found in the record on appeal; it is simply referenced in the Commission's 21 January 2003 order.