JOHN C. CONKLIN, EMPLOYEE v. HENNIS FREIGHT LINES, INC., EMPLOYER, AND TRANSPORT INSURANCE COMPANY, CARRIER

No. 7521IC340

(Filed 15 October 1975)

1. **Master and Servant § 47— Workmen's Compensation Act — liberal construction**

    The Workmen's Compensation Act should be construed liberally so that its benefits are not denied upon technical and narrow interpretation, and the strict rules applicable to ordinary civil actions are not appropriate in proceedings under the Act.

2. **Master and Servant § 85— jurisdiction of Industrial Commission after award — case kept open for additional evidence**

    Where plaintiff presented evidence concerning his medical treatment for ten weeks but failed to present evidence of subsequent treatment, including back surgery, at a Veteran's Hospital, the Industrial Commission could keep the case open to allow plaintiff another opportunity to gather the missing evidence essential to the determination of the issue.

APPEAL by defendants from opinion and award of the North Carolina Industrial Commission filed 12 February 1975. Heard in the Court of Appeals 26 August 1975.

For purposes of this appeal it is undisputed that the claimant sustained an injury by accident arising out of and in the course of his employment and that he was disabled for a period of ten weeks from 2 May 1969 to 11 July 1969.

The doctor who attended claimant testified that he saw him about once each week during the ten-week period and that he suggested claimant should see an orthopedic surgeon but claimant was reluctant to do so because of the expense. Finally the doctor advised claimant to seek help from the Veteran's Administration. The doctor next saw claimant on 22 October 1973 and observed that claimant had had a laminectomy of the lower lumbar and sacral area. On this occasion the doctor concluded that claimant had a 25% disability of the back. Claimant testified that he underwent surgery at a Veteran's Administration hospital and generally described his discomfort before and after the operation.

The Industrial Commission entered an award for the ten-week period, including an order for the payment of medical bills after their approval. The Commission concluded that because of the insufficiency of the evidence as it related to claimant's treatment at the Veteran's Hospital, it was unable to determine the benefits to which plaintiff might be entitled beyond the ten-week period. The order further provided that, in the event the parties could not agree on the additional benefits, if any, either party could "request a hearing pursuant to the provisions of the Workmen's Compensation Act."

*L. G. Gordon, Jr., for plaintiff appellee.*

*Deal, Hutchins and Minor, by Walter W. Pitts, Jr., for defendant appellants.*

VAUGHN, Judge.

In general, appellants contend that once claimant "rested" his case, the Commission should have decided the case on the basis of the evidence then in the record. Appellants argue that the Commission was without authority to retain jurisdiction and ordered another hearing upon the request of either party, thereby giving claimant a second chance to prove his case.

Appellants have not brought forward argument or referred us to cases that we find persuasive in support of their position.

[1] The Workmen's Compensation Act should be construed liberally, so that its benefits are not denied upon technical and narrow interpretation. The strict rules applicable to ordinary civil actions are not appropriate in proceedings under the Act. Although grounded on different facts and somewhat different

principles of law, the reasoning of the Supreme Court in *Hill v. Chevrolet, Inc.*, 263 N.C. 569, 139 S.E. 2d 857 appears to support the actions of the Commission in the present case. The Court said that claimant should not be "precluded as a matter of law from presenting his claim for compensation to which he might be entitled; the claim, because of plaintiff's lack of evidence at the hearing, has not been adjudicated."

The Court thereafter quotes with approval additional language as follows:

"(T)he facts that evidence claimed as a basis of a motion to open a compensation award is not newly discovered and might have been offered at the original hearing in the exercise of due diligence, and that counsel, through inadvertence, has failed to present a ground upon which compensation might be allowed, do not in themselves prevent the compensation commissioner from granting such a motion." *58 Am. Jur., Workmen's Compensation* § 541 (1948), citing *Olivieri v. City of Bridgeport*, 126 Conn. 265, 10 A. 2d 770, 127 A.L.R. 1471.

The Court also found convincing the following reasoning of the Connecticut court:

" . . . 'In the absence of other than technical prejudice to the opposing party, the liberal spirit and policy, of the Compensation Act . . . should not be defeated or impaired by a too strict adherence to procedural niceties.'

. . . Where an issue has been fairly litigated, with proof offered by both parties upon an issue, a claimant should not be entitled to a further hearing to introduce cumulative evidence, unless its character or force be such that it would be likely to produce a different result . . . On the other hand, mere inadvertence on his part, mere negligence, without intentional withholding of evidence, particularly where there is no more than technical prejudice to the adverse party, should not necessarily debar him of his rights, and despite these circumstances a commissioner in the exercise of his discretion might be justified in opening an award. . . The matter is one which must lie very largely within the discretion of the commissioner."

[2]   On the facts of the case before us, we believe the Commission could have allowed claimant to reopen his case to

present evidence relating to the extent of his disability after the ten-week period, even though, in the exercise of due diligence, that evidence could have been presented at the first hearing. The same reasoning would certainly allow the Commission to *keep* the case open in order to give claimant another opportunity to gather the missing evidence essential to the determination of the issue.

The Commission's order is affirmed.

Affirmed.

