**FANTASY WORLD, INC. v. GREENSBORO BD. OF ADJUSTMENT**

[128 N.C. App. 703 (1998)]

There is no evidence of coercion. On the issue of whether defendant waived his rights knowingly, we find it most significant that defendant *invoked* his right to remain silent when he was asked about a matter unrelated to the Hasty Mart robbery. This indicates defendant had both the capacity to understand his rights and the capacity to exercise them freely. *See Fincher*, 309 N.C. at 20, 305 S.E.2d at 697 (juvenile defendant who claimed he was of subnormal mental capacity refused to make a second statement until he confronted a co-defendant; defendant thereby demonstrated an awareness "of his right to control the timing and subject matter of police questioning"). In addition, defendant at first denied that he participated in the Hasty Mart robbery but changed his story after his mother told him to tell the truth. His initial denial of involvement suggests he was well aware that speaking to the police could have negative consequences. The trial court's conclusion that defendant knowingly, intelligently, and voluntarily waived his rights was supported by the findings of fact. We find no error in the court's denial of defendant's motion to suppress.

Defendant's remaining assignments of error pertain to issues not appealable of right. Because defendant entered a guilty plea, his right to appeal is limited to those issues found in N.C.G.S. §§ 15A-979 (1988) (motions to suppress evidence) and 15A-1444 (Cum. Supp. 1996) (sentencing). G.S. 15A-1444(e). After examining the record we decline to review his remaining assignments by certiorari.

Affirmed.

Judges MARTIN, John C. and McGEE concur.

---

FANTASY WORLD, INC., Petitioner-Appellant v. GREENSBORO BOARD OF ADJUSTMENT, AND CITY OF GREENSBORO, Respondents-Appellees

No. COA97-210

(Filed 3 March 1998)

**1. Zoning § 89 (NCI4th)— adult business regulation—"preponderance" of material—not unconstitutionally vague**

A Greensboro ordinance restricting adult entertainment businesses was not unconstitutionally vague where the ordinance referred to mini motion picture booths showing a "preponder-

ance" of motion pictures characterized by sexual activities. The word "preponderance" is reasonably specific and sufficiently precise as to be readily understood. Moreover, the ordinance was not unconstitutionally applied because the evidence clearly showed that petitioner was aware of the zoning restriction and was specifically informed that "no adult use" could be made of the former restaurant.

**2. Zoning § 52 (NCI4th)— nonconforming use—adult mini motion picture theater—extension of use**

There was substantial evidence to support the Greensboro Board of Adjustment's finding that a former restaurant was being used as an adult mini motion picture theater, that it contained viewing booths, and that a preponderance of those motion pictures were adult as defined by the ordinance. That finding supports the Board's decision that petitioner's use of the premises was an impermissible enlargement or extension of a nonconforming use.

Appeal by petitioner from order entered 18 July 1996 by Judge Ben F. Tenille in Guilford County Superior Court. Heard in the Court of Appeals 9 October 1997.

*Loflin & Loflin, by Thomas F. Loflin, III; Sirkin, Pinales, Mezibov & Schwartz, by H. Louis Sirkin and Laura A. Abrams, for petitioner-appellant.*

*Linda A. Miles and Becky Jo Peterson-Buie, for respondent-appellees.*

MARTIN, John C., Judge.

Petitioner, Fantasy World, Inc., appeals from an order of the superior court affirming a decision of the Greensboro Board of Adjustment which upheld a Notice of Violation issued by the Zoning Enforcement Division of the City of Greensboro Planning Department. A summary of the factual and procedural history of the case follows:

Effective 18 March 1993, the City of Greensboro amended its Development Ordinance regulating adult entertainment businesses to prohibit the location of any "adult bookstore, adult mini motion picture theater, adult motion picture theater, adult live entertainment business or adult massage parlor" within a specified distance of any

other such adult establishment. Greensboro Code of Ordinances § 30-5-2.21(B)(1). Immediately prior to the effective date of the amendment, a permit was issued for property located at 4018 West Wendover Avenue in Greensboro permitting the operation of a live adult entertainment business, specifically a "topless" bar, in one portion of the building, and a restaurant in the other portion. The foregoing amendment to the Development Ordinance would have prohibited use of the property as an adult entertainment establishment. However, the Development Ordinance also provided:

§ 30-4-11.2 **Nonconforming use of land.**

(A) *Continuance of Nonconforming Use of Land:* Any nonconforming use legally existing at the time of . . . amendment of this Ordinance, . . . may be continued subject to conditions provided in Section 30-4-11.2(B) below.

(B) *Conditions for Continuance:* Such nonconforming use of land shall be subject to the following conditions:

. . .

(2) No such nonconforming use shall be enlarged, increased, or extended to occupy a greater area of land or floor area than was occupied at the effective date of adoption or amendment of this Ordinance.

Greensboro Code of Ordinances § 30-4-11.2. Therefore, because the permit had been issued prior to the effective date of the amendment to the Development Ordinance, the adult entertainment business was permitted to continue as a nonconforming use.

On 15 June 1994, a license was issued to petitioner to operate a business at the location. Petitioner continued to use the adult entertainment portion of the building for live adult entertainment, but stopped using the other portion as a restaurant and subsequently sought to use the former restaurant space for lingerie sales. Accordingly, on 1 September 1994, staff members of the Greensboro Planning Department attached a note to the building plans specifying that no adult entertainment would be permitted in the former restaurant portion of the building.

On 29 November 1994 and 14 December 1994, Greensboro Zoning Enforcement Officers Levine and Parham visited the property and determined that the former restaurant space was being operated as an adult bookstore and mini motion picture theater. Consequently, on

27 December 1994, the City of Greensboro Zoning Enforcement Division issued a Notice of Violation instructing petitioner to cease all adult sales and use of the adult mini motion picture theater because petitioner's use of the property violated the restrictions of the zoning ordinance for the location of adult businesses or, alternatively, its use of the property was an impermissible expansion of a nonconforming use.

Petitioner appealed the Notice of Violation to the Greensboro Board of Adjustment. After a hearing, the Board of Adjustment concluded that petitioner's use of the former restaurant space as an adult book store and as an adult mini motion picture theater was an impermissible expansion of a non-conforming use. On *certiorari*, the superior court found substantial evidence in the record to support the Board's finding that petitioner was operating an adult mini motion picture theater in the former restaurant space, but found insufficient evidence to sustain the Board's finding that petitioner was operating an adult bookstore in such space. The superior court concluded that the Board's decision upholding the Notice of Violation was based upon its finding that petitioner had extended the nonconforming use of the property by operating the adult mini motion picture theater. The superior court determined that petitioner's due process rights had been protected, that the Board had followed lawful procedures, that its decision was based upon substantial evidence, was not the result of an error of law, and was not arbitrary or capricious.

---

A decision of a board of adjustment is subject to judicial review by the superior court by a proceeding in the nature of *certiorari*. N.C. Gen. Stat. § 160A-388(e) (1994). The superior court sits as an appellate court, and its scope of review includes:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of . . . boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Simpson v. City of Charlotte,* 115 N.C. App. 51, 54, 443 S.E.2d 772, 775 (1994), citing *Concrete Co. v. Board of Commissioners,* 299 N.C. 620, 265 S.E.2d 379, *reh'g denied,* 300 N.C. 562, 270 S.E.2d 106 (1980). Both the superior court and this Court, upon review of the superior court's decision, are bound to apply all of the above standards. *Concrete Co., supra.* By its assignments of error, petitioner contends: (1) the Board's decision amounted to an error of law and was arbitrary and capricious because the provisions of the Greensboro City Development Code upon which the Greensboro Zoning Enforcement Division relied in issuing the Notice of Violation are unconstitutional, both facially and as applied to petitioner in this case; and (2) the Board's decision was not based upon substantial evidence in the record to support its finding that petitioner had extended a non-conforming use by operating an "adult mini motion picture theater" in that portion of the business previously used as a restaurant.

I.

**[1]** Petitioner's initial argument is that the Board's decision is contrary to law and is arbitrary and capricious because the Greensboro ordinance restricting adult entertainment businesses is unconstitutionally vague. Greensboro clearly has the power to regulate the location of adult oriented businesses, *see Hart Book Stores, Inc. v. Edmisten,* 612 F.2d 821 (4th Cir. 1979), *cert. denied,* 447 U.S. 929, 65 L.Ed.2d 1124 (1980), and petitioner makes no argument to the contrary. Nor does petitioner contend, in its argument to this Court, that the manner of regulation violates either its rights under the First Amendment or its rights to equal protection. The ordinance defines "adult mini motion picture theater" as follows:

> *Theater, adult mini motion picture.* An enclosed building with viewing booths designed to hold patrons which is used for presenting motion pictures, a *preponderance* of which are distinguished or characterized by an emphasis on matter depicting, describing, or relating to specified sexual activities or specified anatomical areas, as defined by this Section, for observation by patrons therein (emphasis added).

Greensboro Code of Ordinances § 30-2-2.7. Petitioner's sole constitutional argument on this appeal is that because the zoning ordinance seeks to regulate expression protected by the First Amendment, its prohibitions must be clearly and specifically defined. The ordinance

does not, in defining "adult mini motion picture theater," set forth the specific meaning of "preponderance"; therefore, petitioner contends the ordinance is void for vagueness.

Statutes and ordinances must be sufficiently precise; a "statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Connally v. General Const. Co.*, 269 U.S. 385, 391, 70 L.Ed. 322, 328 (1926). Ultimately, notice is the most important criteria; a statute or ordinance will be found to violate due process if it fails to give adequate notice to parties which might be affected by its application. *Smith v. Goguen*, 415 U.S. 566, 39 L.Ed.2d 605 (1974). It is impossible to comply with a law if poor drafting has obscured its true meaning. A constitutional challenge to a statute can either be facial or as the statute is applied in the particular situation. *Id.* In this case, neither type of challenge succeeds.

Although there have been no reported cases in which North Carolina's appellate courts have considered whether language similar to that contained in the Greensboro ordinance can survive a facial constitutional challenge for vagueness, the United States Court of Appeals for the Fourth Circuit has addressed the issue. *Hart Book Stores, Inc. v. Edmisten, supra.* In *Hart Book Stores*, the Court examined language contained in G.S. § 14-202.10 (1985) (formerly N.C. Gen. Stat. § 14-202.11) which defines "adult mini motion picture theater" identically to the Greensboro ordinance. The Court determined the component elements of the definition contained in the statute were sufficient to withstand a challenge for vagueness, specifically observing that the statute's reference to the term "preponderance" was "reasonably specific and precise, bearing in mind that unavoidable precision is not fatal and celestial precision is not necessary . . . ." *Id.* at 833. We choose to follow *Hart* and hold the use of the word "preponderance" in the Greensboro ordinance is reasonably specific and sufficiently precise as to be readily understood and, therefore, the ordinance is not unconstitutionally vague on its face.

Nor do we conclude that the ordinance has been unconstitutionally applied to petitioner. Evidence before the Board of Adjustment clearly shows that petitioner was aware of the zoning restriction on adult businesses and was specifically informed that "no adult use" could be made of the former restaurant portion of the building. Thus, contrary to petitioner's argument, there was no question of how much

adult content would be too much, petitioner was neither misled nor uniquely affected by a failure of the ordinance to more specifically define "preponderance."

## II.

[2] In its second argument, petitioner contends there was insufficient evidence to support the Board's finding that petitioner was operating an adult mini movie theater, as defined by the ordinance, in the former restaurant space and, therefore, its decision that petitioner had extended a nonconforming use was not supported by substantial evidence. Petitioner argues that regardless of how "preponderance" is defined, there was insufficient evidence before the Board to establish that petitioner's use of the former restaurant space met the definition of "adult mini motion picture theater." We disagree.

Mr. Levine, a zoning enforcement officer for the City of Greensboro, testified that when he went to the former restaurant premises, he observed, in addition to an area where approximately one hundred items of lingerie were offered for sale, approximately 1,400 adult-oriented video taped films were offered for sale. A video viewing screen displaying continuous adult oriented films was located above the service counter; the viewing screen was visible from the front of the store as well as from the area where the films were offered for sale. There were display cases showing tape boxes for thirty-two adult oriented video motion pictures and a fewer number of G-rated videos available for viewing in twenty viewing booths. Depicted on the boxes for the adult tapes were scenes from the films contained therein and consisted of photos of unclothed performers engaged in various sexual acts. While the display case for the adult oriented films was well lighted, the display case for the G-rated films was located in a dimly lit area, requiring the inspector to use a flashlight to read the titles. Each viewing booth offered sixteen adult films and two G-rated films. Within the viewing booths, the adult films were shown on a seventeen inch color television screen; the G-rated selections were shown on a smaller black and white screen. In addition, there were six preview booths in which customers were able to view entire adult-oriented videos selected from the 1,400 films offered for sale. Advertising materials for the store described it as "Xanadu Video and Boutique" and stated that the video viewing booths were open twenty-four hours a day.

We hold the foregoing evidence was substantial evidence to support the Board's finding that the former restaurant portion of the

building was being used as an "adult mini motion picture theater", i.e., that it contained viewing booths used for presenting motion pictures for observation by patrons therein, and that a preponderance, or "superiority in weight" [Webster's 3d New International Dictionary (1976)] of those motion pictures were adult materials as defined by the ordinance. Such finding, in turn, supports the Board's decision that petitioner's use of the premises as an adult mini motion picture theater was an impermissible enlargement or extension of the non-conforming use of the premises at 4018 West Wendover Avenue as an adult entertainment establishment.

Although neither raised nor argued by petitioner, we have also examined the record of proceedings before the Board of Adjustment and conclude that the Board, in conducting its hearing, followed the procedures required by applicable statutes, the Greensboro Code of Ordinances, and its own rules and afforded petitioner appropriate due process rights, including the right to offer evidence, cross-examine witnesses, and inspect documents. We affirm the order of the superior court.

Affirmed.

Judges LEWIS and TIMMONS-GOODSON concur.