VONDA KAY BROWN, Employee, Plaintiff v. THE KROGER COMPANY, Employer, CONTINENTAL CASUALTY INSURANCE COMPANY, Carrier, Defendants

No. COA04-577

(Filed 5 April 2005)

## 1. Workers' Compensation— ten percent penalty—failure to comply with statutory requirement

The Industrial Commission did not err in a workers' compensation case by increasing the amount of plaintiff's compensation by ten percent pursuant to N.C.G.S. § 97-12 based on a willful failure of the employer to comply with a statutory requirement even though defendants contend no statute prohibits an employer from stretching an extension cord across a hallway, because: (1) by virtue of N.C.G.S. § 95-131(a), the requirements of 29 C.F.R. 1910.22(b)(1) are a statutory requirement that brings plaintiff's injury and defendant employer's subsequent citation within the scope of N.C.G.S. § 97-12; (2) defendants fail to cite authority for the contention that a violated statute must expressly prohibit the express action or inaction by the employer; and (3) defendant was put on sufficient notice regarding the duties, consequences and application of the Workers' Compensation Act and its relevant safety standards since N.C.G.S. § 95-131 adopts the federal occupational standards as the rules of the Commission of this State, both the state and federal regulations are published and available to employers in order to erase uncertainty as to what safety measures are required in the workplace, and N.C.G.S. § 95-129(4) provides any employer the right to participate in the development of the standards by commenting on developing standards or requesting the development of them.

## 2. Workers' Compensation— deposition costs—express abandonment of request for costs

Although defendant contends the full Industrial Commission erred in a workers' compensation case by failing to rule on the propriety of the deputy commissioner's assessment of the costs of a witness deposition, the Court of Appeals declines to address the merits of this argument and the case is remanded to the full Commission with instructions to amend its opinion and award to strike the assessment of costs for the deposition, because plaintiff in her brief expressly abandoned her request for costs associated with this deposition.

BROWN v. KROGER CO.

[169 N.C. App. 312 (2005)]

**3. Workers' Compensation— future benefits—wage earning capacity**

The Industrial Commission did not abuse its discretion in a workers' compensation case by reserving the issue of plaintiff's entitlement to future benefits regarding her wage earning capacity after 14 February 2002, because: (1) the full extent of plaintiff's injuries had not yet been determined; and (2) plaintiff was entitled to an opportunity to gather that information necessary to determine which of her conditions was causing her continuing incapacity for work.

**4. Workers' Compensation— credibility—reassessment by full Commission**

The Industrial Commission did not err in a workers' compensation case by reassessing the evidence and finding that plaintiff's 28 August 2001 fall was related to her prior accident, because: (1) the full Commission is not prevented from reassessing the evidence before it on appeal merely based on the fact that the evidence concerns the cause of the alleged accident rather than its consequences; (2) the full Commission is entitled to reverse a deputy commissioner's determination of credibility even if that reversal is based upon an examination of the cold record rather than live testimony; and (3) in reversing the deputy commissioner's credibility findings, the full Commission is not required to demonstrate that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer of the witness when that observation was the only one.

**5. Workers' Compensation— medical treatment—time limit of award**

The Industrial Commission did not err in a workers' compensation case by allegedly failing to define the time limit of plaintiff's award for medical treatment, because: (1) the full Commission's award was based upon its prior conclusion of law citing N.C.G.S. §§ 97-25 and 97-25.1; and (2) the period of limitations provided by N.C.G.S. § 97-25.1 is inherent in the full Commission's award.

Appeal by defendants from opinion and award entered 2 December 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 17 February 2005.

BROWN v. KROGER CO.

[169 N.C. App. 312 (2005)]

*Faith Herndon for plaintiff-appellee.*

*Young, Moore & Henderson, P.A., by Joe E. Austin, Jr., and Jennifer T. Gottsegen, for defendants-appellants.*

TIMMONS-GOODSON, Judge.

The Kroger Company ("Kroger") and Continental Casualty Insurance Company ("Continental") (collectively, "defendants") appeal an opinion and award of the North Carolina Industrial Commission awarding Vonda Kay Brown ("plaintiff") total and partial disability payments, medical treatment compensation, and a ten percent increase in compensation. For the reasons discussed herein, we affirm in part and remand in part.

The facts and procedural history pertinent to the instant appeal are as follows: On 9 June 2001, plaintiff was employed by Kroger as a deli and bakery manager. As plaintiff was walking down a hallway near the manager's office, she tripped on an extension cord and fell to the floor, landing on her right side. As a result of her fall, plaintiff sustained injuries to her right shoulder, knee, and elbow, and she also sustained injuries to her sacrum and lumbar area.

Although plaintiff refused medical attention on the day of her fall, she sought medical attention from Concentra Medical Centers on 11 June 2001. Plaintiff returned to work on 21 June 2001, and she continued to work at diminished wages through 18 July 2001. After returning to work, plaintiff received medical treatment from Dr. Lyman Smith ("Dr. Smith"), an orthopedic surgeon. Dr. Smith's treatment of plaintiff focused on the on-going right knee and shoulder problems plaintiff was experiencing. Dr. Smith determined that plaintiff's shoulder problems were a result of bursitis caused by the fall on 9 June 2001, and that plaintiff's knee problems were caused by an arthritic condition aggravated by the fall. Dr. Smith recommended that plaintiff receive physical therapy for her injuries, and, on 18 July 2001, Dr. Smith provided plaintiff with a note excusing her from work until 22 August 2001. On 22 August 2001, Dr. Smith ordered plaintiff to receive magnetic resonance imaging ("MRI") on her right knee. Dr. Smith anticipated that plaintiff could return to work if the MRI results were "normal."

On 28 August 2001, plaintiff fell down stairs at her home when her right leg "gave out from under" her. Following plaintiff's 28 August 2001 fall, plaintiff sought treatment from Dr. Jeffrey Kobs ("Dr. Kobs"), an orthopedic surgeon. As a result of the fall, plaintiff sus-

BROWN v. KROGER CO.

[169 N.C. App. 312 (2005)]

tained injuries to her right ankle and her left knee. Due to these injuries, plaintiff was unable to work until 24 January 2002.

In early February 2002, plaintiff returned to work at Kroger. Plaintiff subsequently took vacation, and, on 12 February 2002, plaintiff sought treatment from Dr. Suzanne Zorn ("Dr. Zorn") of the Arthritis Rheumatology Osteoporosis Center. Dr. Zorn recommended that plaintiff refrain from working for approximately one month.

Following her fall on 9 June 2001, plaintiff filed a complaint with the North Carolina Department of Labor, Division of Occupational Safety and Health ("NCDL/DOSH"). After investigating the circumstances leading to plaintiff's 9 June 2001 fall, NCDL/DOSH cited Kroger for four "nonserious" occupational safety and health code violations. Defendants denied plaintiff's compensation claim, and on 14 February 2002, North Carolina Industrial Commission Deputy Commissioner Edward Garner, Jr. ("Deputy Commissioner Garner"), held an evidentiary hearing on the matter. Following the hearing, the parties deposed Dr. Smith and introduced stipulations and other records into evidence. On 23 October 2002, Deputy Commissioner Garner filed an opinion and award concluding that plaintiff sustained injuries as a result of the 9 June 2001 fall, which Deputy Commissioner Garner concluded arose out of and in the course of plaintiff's employment with Kroger. However, Deputy Commissioner Garner denied plaintiff's claim for compensation for those injuries associated with the 28 August 2001 fall, "reject[ing]" plaintiff's testimony regarding the fall as "not being credible." After refusing to find "that plaintiff's injury was caused by the willful failure of [Kroger] to comply with a statutory requirement[,]" Deputy Commissioner Garner also denied plaintiff's claim for a ten percent increase in compensation due to Kroger's alleged statutory violations. Deputy Commissioner Garner thereafter ordered defendants to pay plaintiff total and partial disability payments as well as compensation for her medical treatment, with the amount of compensation related to plaintiff's right knee injury deferred until plaintiff reached maximum medical improvement. Deputy Commissioner Garner also ordered defendants to pay the costs associated with the deposition of Jeanine Alston ("Alston"), an employee of NCDL/DOSH.

Both plaintiff and defendants appealed Deputy Commissioner Garner's award to the Full Commission. Following review of the matter on 5 May 2003, the Full Commission determined that it need not reconsider evidence, receive further evidence, or rehear argument from the parties. However, the Full Commission did receive evidence

regarding modifications of the compensability of plaintiff's 28 August 2001 fall. In an opinion and award filed 2 December 2003, the Full Commission concluded that plaintiff sustained injuries from the 9 June 2001 fall, which the Full Commission concluded arose out of and in the course of plaintiff's employment with Kroger. The Full Commission also concluded that plaintiff sustained injuries as a result of her 28 August 2001 fall, which the Full Commission concluded was "the direct and natural result of plaintiff's June 9, 2001 injury by accident." The Full Commission further concluded that plaintiff was entitled to a ten percent increase in compensation due to the "willful failure of [Kroger] to comply with a statutory requirement reprimand by OSHA." The Full Commission reserved the issue of plaintiff's entitlement to future benefits related to her wage-earning capacity after 14 February 2002, concluding that "this evidence was not presented before this panel." The Full Commission thereafter awarded plaintiff temporary and partial disability payments, medical treatment compensation, and a ten percent increase in compensation. Defendants appeal.

We note initially that defendants' brief contains arguments supporting only eleven of the original sixteen assignments of error on appeal. Pursuant to N.C.R. App. P. 28(b)(6) (2004), the omitted assignments of error are deemed abandoned. Therefore, we limit our present review to those issues properly preserved by defendants for appeal.

The issues on appeal are whether the Full Commission erred by: (I) increasing the amount of plaintiff's compensation by ten percent; (II) failing to rule on the propriety of the cost of a witness deposition; (III) reserving the issue of plaintiff's entitlement to future benefits; (IV) concluding that plaintiff's 28 August 2001 fall was related to her prior accident; and (V) failing to define the time limit of plaintiff's award.

[1] Defendants first argue that the Full Commission erred by increasing the amount of plaintiff's compensation by ten percent pursuant to N.C. Gen. Stat. § 97-12. Defendants assert that there was no evidence that Kroger violated any statute warranting the increased award, and that N.C. Gen. Stat. § 97-12 is unconstitutionally vague as applied to the facts of this case. We disagree.

N.C. Gen. Stat. § 97-12 (2003) provides as follows:

When the injury or death is caused by the willful failure of the employer to comply with any statutory requirement or any lawful

order of the Commission, compensation shall be increased ten percent (10%). . . . The burden of proof shall be upon him who claims an exemption or forfeiture under this section.

In the instant case, defendants contend that there was no evidence that Kroger failed to comply with any statutory requirement because "no statute prohibits an employer from stretching an extension cord across a hallway." However, as discussed above, following its investigation of Kroger, NCDL/DOSH cited Kroger for four "nonserious" violations of federal occupational safety and health codes. Specifically, NCDL/DOSH cited Kroger for violation of 29 C.F.R. 1910.22, which provides as follows:

This section applies to all permanent places of employment, except where domestic, mining, or agricultural work only is performed. Measures for the control of toxic materials are considered to be outside the scope of this section.

. . . .

(b) Aisles and passageways.

(1) Where mechanical handling equipment is used, sufficient safe clearances shall be allowed for aisles, at loading docks, through doorways and wherever turns or passage must be made. Aisles and passageways shall be kept clear and in good repairs, with no obstruction across or in aisles that could create a hazard.

29 C.F.R. 1910.22 (2003). In its citation of Kroger, NCDL/DOSH noted the presence of a "flexible cord extending across the aisle/passageway [which] created a tripping hazard for employees working in office."

The North Carolina Occupational Safety and Health Act provides that "[a]ll occupational safety and health standards promulgated under the federal act . . . shall be adopted as the rules of the Commissioner of this State unless the Commissioner decides to adopt an alternative State rule as effective as the federal requirement and providing safe and healthful employment in places of employment . . . ." N.C. Gen. Stat. § 95-131(a) (2003); see N.C. Gen. Stat. § 95-129(2) (2003) ("Each employer shall comply with occupational safety and health standards or regulations promulgated pursuant to this Article[.]"). We conclude that, by virtue of N.C. Gen. Stat. § 95-131(a), the requirements of 29 C.F.R. 1910.22(b)(1) are a "statutory requirement" that brings plaintiff's injury and Kroger's sub-

sequent citation within the scope of N.C. Gen. Stat. § 97-12. *See Prevette v. Clark Equipment Co.*, 62 N.C. App. 272, 275, 302 S.E.2d 639, 641 (1983) ("By virtue of G.S. 95-129(2) the [federal] prohibition of employees riding on machinery such as the forklift involved here is a 'statutory requirement' so as to bring this employee's death within the purview of G.S. 97-12." (footnote omitted)). Therefore, if Kroger's action in violating 29 C.F.R. 1910.22(b)(1) was willful, plaintiff is entitled to a ten percent increase in compensation.

An act is considered willful "when there exists 'a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another,' a duty assumed by contract or imposed by law." *Beck v. Carolina Power & Light Co.*, 57 N.C. App. 373, 383-84, 291 S.E.2d 897, 903 (quoting *Brewer v. Harris*, 279 N.C. 288, 297, 182 S.E.2d 345, 350 (1971)), *aff'd per curium*, 307 N.C. 267, 297 S.E.2d 397 (1982). In the instant case, defendants do not challenge the intent or purpose of Kroger in stretching the extension cord across the hallway. Instead, defendants contend that Kroger did not willfully violate 29 C.F.R. 1910.22(b)(1) because the statute does not "expressly prohibit stretching an extension cord across a hallway." In a similar contention, defendants assert that N.C. Gen. Stat. § 97-12 is unconstitutionally vague as applied to the facts of this case, in that the statute fails to warn or notify employers that stretching an extension cord across a hallway may result in a ten percent increase in compensation. However, defendants cite no authority for the contention that a violated statute must expressly prohibit the precise action or inaction by the employer, and we decline to create such a broad exception to N.C. Gen. Stat. § 97-12.

"Statutes and ordinances must be sufficiently precise; a 'statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.'" *Fantasy World, Inc. v. Greensboro Bd. of Adjustment*, 128 N.C. App. 703, 708, 496 S.E.2d 825, 828 (quoting *Connally v. General Construction Co.*, 269 U.S. 385, 391, 70 L. Ed. 322, 328 (1926)), *disc. review denied and appeal dismissed*, 348 N.C. 496, 510 S.E.2d 382 (1998). "Ultimately, notice is the most important criteria; a statute or ordinance will be found to violate due process if it fails to give adequate notice to parties which might be affected by its application." *Fantasy World*, 128 N.C. App. at 708, 496 S.E.2d at 828 (citing *Smith v. Goguen*, 415 U.S. 566, 39 L. Ed. 2d 605 (1974)).

**BROWN v. KROGER CO.**

[169 N.C. App. 312 (2005)]

In the instant case, as detailed above, N.C. Gen. Stat. § 97-12 expressly allows a ten percent increase in compensation where an employee's injury "is caused by the willful failure of the employer to comply with any statutory requirement or any lawful order of the Commission[.]" N.C. Gen. Stat. § 95-131(a) adopts the federal occupational standards as "the rules of the Commissioner of this State," and both the state and federal regulations are published and available to employers in order to erase uncertainty as to what safety measures are required in the workplace. N.C. Gen. Stat. § 95-129(4) provides any employer the right to participate in the development of the standards by commenting on developing standards or requesting the development of them. In light of the foregoing, we conclude that defendants were put on sufficient notice regarding the duties, consequences, and application of the Workers' Compensation Act and its relevant safety standards. Accordingly, we overrule defendants' first argument.[1]

[2] Defendants next argue that the Full Commission erred by failing to rule on the propriety of Deputy Commissioner Garner's assessment of costs for the deposition of Alston. Defendants assert that the Full Commission was required to rule on the issue because defendants had assigned error to it. We note that in her brief, plaintiff expressly "abandons her request for costs associated with OSHA investigator Jeanine Alston's deposition." Therefore, we decline to address the merits of defendants' argument, and we remand the case to the Full Commission with instructions to amend its opinion and award to strike the assessment of costs for Alston's deposition.

[3] Defendants next argue that the Full Commission erred by deferring its ruling on plaintiff's entitlement to future benefits regarding her wage-earning capacity after 14 February 2002. Defendants assert that, due to the evidence presented by the parties, the Full Commission was required to rule on the issue. We disagree.

---

1. We recognize that, to date, the Occupational Safety and Health Review Commission has interpreted 29 C.F.R. 1910.22(b)(1) to apply only to those obstructions occurring in areas where "mechanical handling equipment" is operated. *See Sec'y of Labor v. Joel Patterson Air Conditioning Recycling*, 19 O.S.H. Cas. (BNA) 2045, 2002 OSAHRC LEXIS 53, 13-14 (2002). However, we note that our Courts have not yet addressed this issue, and, in the instant case, defendants do not contest the applicability of the statute on the ground that mechanical handling equipment was not used in the area in which plaintiff fell. Therefore, we make no decision regarding the applicability of 29 C.F.R. 1910.22(b)(1) to those work areas where mechanical handling equipment is not operated.

According to the Workers' Compensation Act, the "[p]rocesses, procedure, and discovery" used by the Industrial Commission in its hearings "shall be as summary and simple as reasonably may be." N.C. Gen. Stat. § 97-80(a) (2003). "Strictly speaking, the rules of evidence applicable in our general courts do not govern the Commission's own administrative fact-finding." *Haponski v. Constructor's Inc.*, 87 N.C. App. 95, 97, 360 S.E.2d 109, 110 (1987) (citations omitted). In the instant case, the Full Commission chose not to participate in "administrative fact-finding" on the issue of plaintiff's wage-earning capacity after 14 February 2002, citing the lack of evidence on the issue before it. Defendants contend that the Full Commission had sufficient evidence before it to make a decision, and that the issue was litigated by implication of the parties. In support of this contention, defendants note that both parties stipulated into evidence plaintiff's post-hearing medical and wage records.

We recognize that "[t]he Industrial Commission has an obligation to make specific findings of fact and conclusions of law determining each issue which is raised by the evidence and upon which plaintiff's right to compensation depends." *Slatton v. Metro Air Conditioning*, 117 N.C. App. 226, 231, 450 S.E.2d 550, 553 (1994). However, we also recognize that "[t]he Commission is not in a position to make a proper award until the extent of disability or permanent injury, if any, is determined." *Hall v. Chevrolet Co.*, 263 N.C. 569, 575, 139 S.E.2d 857, 861 (1965) (holding that "because of plaintiff's lack of evidence at the hearing," the plaintiff's permanent partial disability claim, of which he presented no evidence at the original hearing, "has not been adjudicated."). Furthermore, we note that "[t]he Workmen's Compensation Act should be construed liberally, so that its benefits are not denied upon technical and narrow interpretation[,]" *Conklin v. Freight Lines*, 27 N.C. App. 260, 261, 218 S.E.2d 484, 485 (1975), and this Court has held that the "same reasoning" which allows a claimant to reopen his case to present new evidence "would certainly allow the Commission to keep the case open in order to give [the] claimant another opportunity to gather the missing evidence essential to the determination of the issue." *Id.* at 263, 218 S.E.2d at 486.

Under N.C. Gen. Stat. § 97-85 (2003), when an appeal of an opinion and award is taken, the Full Commission is granted the authority to "review the award, and if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award[.]" "[W]hether 'good ground be shown therefore' in any particular case is a matter

BROWN v. KROGER CO.

[169 N.C. App. 312 (2005)]

within the sound discretion of the Commission, and the Commission's determination in that regard will not be reviewed on appeal absent a showing of manifest abuse of discretion." *Lynch v. Construction Co.*, 41 N.C. App. 127, 131, 254 S.E.2d 236, 238 (holding that the Full Commission did not exceed its authority by remanding case for further testimony regarding causal connection of accident and injury), *disc. review denied*, 298 N.C. 298, 259 S.E.2d 914 (1979). In the instant case, in its opinion and award, the Full Commission noted that although "Dr. Zorn wrote plaintiff out of work for one month" twice following the 14 February 2002 hearing, Dr. Zorn "did not indicate whether plaintiff's incapacity for work was a result of her right knee injury, her other conditions or some combination thereof[,]" and "the record contains no indication that the surgery [on plaintiff's left knee] was ever performed." In light of the case and statutory law detailed above, we conclude that the Full Commission did not abuse its discretion by reserving its decision regarding the issue of plaintiff's wage-earning capacity after 14 February 2002. The full extent of plaintiff's injuries had not yet been determined, and plaintiff was entitled to an opportunity to gather that information necessary to determine which of her conditions was causing her continuing incapacity for work. Accordingly, we overrule this argument.

[4] Defendants next argue that the Full Commission erred by accepting plaintiff's account of the 28 August 2001 fall. Defendants assert that because Deputy Commissioner Garner was the only Commission representative to observe plaintiff's testimony regarding the fall, the Full Commission was bound by Deputy Commissioner Garner's determinations regarding the credibility of plaintiff's testimony. We disagree.

In *Adams v. AVX Corp.*, our Supreme Court addressed a similar argument and determined that "[w]hether the [F]ull Commission conducts a hearing or reviews a cold record, N.C.G.S. § 97-85 places the ultimate fact-finding function with the [Full] Commission—not the hearing officer. It is the [Full] Commission that ultimately determines credibility, whether from a cold record or from live testimony." 349 N.C. 676, 681, 509 S.E.2d 411, 413 (1998). In an attempt to distinguish *Adams* from the instant case, defendants correctly assert that in *Adams*, the deputy commissioner rejected as incredible the claimant's testimony regarding the consequences of her alleged accident, while in the instant case, Deputy Commissioner Garner rejected as incredible plaintiff's testimony regarding the cause of her accident. However, we are not persuaded that *Adams* should be read so nar-

rowly as to prevent the Full Commission from reassessing the evidence before it on appeal merely because the evidence concerns the cause of the alleged accident rather than its consequences. Instead, we conclude that, under the Court's holding in *Adams*, the Full Commission is entitled to reverse a deputy commissioner's determination of credibility, even if that reversal is based upon an examination of the "cold record" rather than "live testimony." *Id.*

Furthermore, we also disagree with defendants' contention that in cases in which observation of the claimant's actual physical behavior is a "crucial issue," the Full Commission should acknowledge the hearing officer's credibility findings and offer a full explanation if it substitutes a different judgment for those findings. Our Supreme Court expressly rejected such a contention in *Adams*, holding that "in reversing the deputy commissioner's credibility findings, the [F]ull Commission is not required to demonstrate, as *Sanders* states, 'that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer of the witness when that observation was the only one.' " *Id.* (overruling *Sanders v. Broyhill Furniture Industries*, 124 N.C. App. 637, 641, 478 S.E.2d 223, 226 (1996), *disc. review denied*, 346 N.C. 180, 486 S.E.2d 208 (1997)). In light of *Adams*, we are not persuaded that the Full Commission was required to make those findings suggested by defendants in the instant case. Therefore, we conclude the Full Commission did not err by reassessing the evidence and finding that plaintiff's 28 August 2001 fall was a direct and natural result of the 9 June 2001 fall and injury. Accordingly, this argument is overruled.

**[5]** Defendants' final argument is that the Full Commission erred by failing to define the time limit of plaintiff's award for medical treatment. Defendants assert that N.C. Gen. Stat. § 97-25.1 requires that the Full Commission specify the period in which defendants must compensate plaintiff for her medical payments.

N.C. Gen. Stat. § 97-25.1 (2003) provides that

[t]he right to medical compensation shall terminate two years after the employer's last payment of medical or indemnity compensation unless, prior to the expiration of this period, either: (i) the employee files with the Commission an application for additional medical compensation which is thereafter approved by the Commission, or (ii) the Commission on its own motion orders additional medical compensation. If the Commission determines that there is a substantial risk of the necessity of future medical

compensation, the Commission shall provide by order for payment of future necessary medical compensation.

In the instant case, the Full Commission ordered defendants to "pay for medical compensation incurred by plaintiff as a result of the injuries she sustained when she fell at work on June 9, 2001 and the subsequent fall of August 28, 2001." This award was based upon the Full Commission's prior conclusion of law, in which the Full Commission cited N.C. Gen. Stat. §§ 97-25 and 97-25.1. We conclude that the period of limitations provided by N.C. Gen. Stat. § 97-25.1 is inherent in the Full Commission's award. Accordingly, this argument is overruled.

In light of foregoing conclusions, we affirm the Full Commission's opinion and award in part, and we remand in part.

Affirmed in part; remanded in part.

Judges BRYANT and LEVINSON concur.