An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1317

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

T. VAN LARRIMORE, Employee,
    Plaintiff

v.

DILLARD, INC., Employer, ESIS,
Carrier,
    Defendants.

North Carolina
Industrial Commission
I.C. No. 458055

Appeal by Defendants from opinion and award entered 26 June 2013 by the North Carolina Industrial Commission. Heard in the Court of Appeals 10 April 2014.

> *Sellers, Hinshaw, Ayers, Dortch & Lyons, P.A., by John F. Ayers, III, of Counsel, for Plaintiff.*
>
> *Hedrick Gardner Kincheloe & Garofalo, LLP, by Paul C. Lawrence, M. Duane Jones, and Adebola V. Lamikanra, for Defendants.*

DILLON, Judge.

Defendants Dillard, Inc. (Dillard) and ESIS appeal from an opinion and award of the North Carolina Industrial Commission (Commission) in which, pursuant to N.C. Gen. Stat. § 97-12, the Commission increased T. Van Larrimore's (Plaintiff's) workers'

compensation benefits by ten percent, for a previously determined compensable injury, due to Dillard's "willful failure" to comply with various statutory safety regulations. For the following reasons, we reverse.

## I. Factual & Procedural Background

The record evidence as presented before the Commission tended to show the following. Plaintiff was employed as a clothing salesman at the Dillard's retail location in Pineville, North Carolina. The store's escalators were generally inoperative prior to the time the store opened to the public; until that time, Plaintiff and other Dillard employees simply walked up and down the stairs of the immobile escalators.

On 20 August 2004, Plaintiff arrived at work at approximately 8:40 a.m., prior to the store's scheduled opening that day at 10:00 a.m. On that particular morning, a pit cover had been removed from the bottom of one of the escalators, exposing a hole that spanned the width of an escalator stair and was more than four feet deep. Dillard had not notified its employees that maintenance work was being performed in that area; nor were there any safety barriers, cones, or warning signs to demarcate the exposed pit. When Plaintiff descended the aforementioned escalator, he failed to notice the exposed

pit, fell into it, and was knocked unconscious. Plaintiff resultantly sustained serious injury to his left leg, ribs, and elbow. Security camera footage later revealed that a nearby maintenance worker was present on the scene, but had turned his back to speak with another individual and thus failed to warn Plaintiff of the exposed pit.

Defendants conceded the compensability of Plaintiff's injuries, and Plaintiff has been receiving temporary total disability benefits since 27 July 2006. Plaintiff has experienced increasing medical and psychological problems and has not worked at all since 2 May 2007. On 29 July 2011, Plaintiff filed a request for a "10% penalty on [his] claim due to [Dillard's] failure to provide safety barriers around the escalator shaft that [he] fell into." By opinion and award entered 26 June 2013, the Commission awarded Plaintiff "a ten percent increase on [Plaintiff's] weekly temporary total disability compensation" pursuant to N.C. Gen. Stat. § 97-12 in light of its determination that Dillard had "willfully" failed to comply with a number of Occupational Safety and Health Administration (OSHA) regulations. From this opinion and award, Defendants appeal.

## II. Analysis

In accordance with our standard of review, we must determine whether competence evidence supports the Commission's findings of fact and whether such findings, in turn, are sufficient to support the Commission's conclusions of law. *Legette v. Scotland Mem'l Hosp.*, 181 N.C. App. 437, 442, 640 S.E.2d 744, 748 (2007). Findings supported by competent evidence are binding on appeal, "even if the evidence might also support contrary findings. The Commission's conclusions of law are reviewable *de novo.*" *Id.* at 442-43, 640 S.E.2d at 748 (citations omitted).

Defendants contend that the Commission erred in increasing Plaintiff's workers' compensation benefits by ten percent pursuant to N.C. Gen. Stat. § 97-12. We agree.

N.C. Gen. Stat. § 97-12 provides for a ten percent increase in workers' compensation benefits where, *inter alia*, the claimant can prove that his injury was "caused by the *willful* failure of the employer to comply with any statutory requirement . . . ." N.C. Gen. Stat. § 97-12 (2011) (emphasis added). "An act is considered willful when there exists a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another, a duty assumed by contract or imposed by law[,]" *Jenkins v. Easco Aluminum*, 165 N.C. App. 86, 97, 598

S.E.2d 252, 259 (2004) (citations and quotation marks omitted), and OSHA regulations constitute "statutory requirements" for purposes of N.C. Gen. Stat. § 97-12, *Brown v. Kroger Co.*, 169 N.C. App. 312, 317-18, 610 S.E.2d 447, 451 (2005) ("[B]y virtue of N.C. Gen. Stat. § 95-131(a), the requirements of 29 C.F.R. 1910.22(b)(1) are a 'statutory requirement' that brings [an employee's] injury and [an employer's subsequent] citation within the scope of N.C. Gen. Stat. § 97-12.").

Here, the Commission concluded, in pertinent part, as follows:

> 4. There are multiple relevant [OSHA] safety regulations that apply to this claim under 29 C.F.R. § 1910.23(a), including the following sections:
>
> 1910.23(a)(1)
> Every stairway floor opening shall be guarded by a standard railing constructed in accordance with paragraph e . . . and shall be provided on all exposed sides (except at entrance to stairway).
>
> 1910.23(a)(3)
> Every hatchway and chute floor opening shall be guarded by one of the following:
>
>> 1910.23(a)(3)(i)
>> Hinged floor opening cover of standard strength and construction equipped with standard railings or permanently attached which leave only one side exposed. When the opening is not in use, the cover shall be closed or the exposed side shall be guarded.

1910.23(a)(5)
Every pit and trap door floor opening, infrequently used, shall be guarded by a floor opening cover of standard strength and construction. While the cover is not in place, the pit or trap opening shall be constantly attended by someone or shall be protected on all exposed sides by removable standard railings.

1910.23(a)(6)
Every manhole floor opening shall be guarded by standard manhole cover which need not be hinged in place. While the cover is not in place, the manhole opening shall be constantly attended by someone or shall be protected by removable standard railings.

1910.23(a)(7)
Every temporary floor opening shall have standard railings, or shall be constantly attended by someone.

1910.23(a)(8)
Every floor hole into which persons can accidentally walk shall be guarded by either:

> 1910.23(a)(8)(i)
> A standard railing with standard toe board on all exposed sides, or

> 1910.23(a)(8)(ii)
> A floor hole cover of standard strength and construction. While the cover is not in place, the floor hole shall be constantly attended by someone or shall be protected by a removable standard railing.

The escalator pit into which Plaintiff fell meets the definition of "[f]loor opening." 29 C.F.R. §1910.21(a)(2). Several of the 29

C.F.R. §1910.23(a) safety regulations were violated by [Dillard] on August 20, 2004[.]

. . . .

7. . . . [Dillard's] failure to erect warning barricades around and/or have an employee constantly attend to a severely hazardous open pit, in clear violation of 29 C.F.R. §1910.23(a), amounted to a deliberate purpose not to discharge their statutory duties and was therefore willful. That [Dillard] in the case at hand, during every other episode of escalator or elevator maintenance had erected yellow safety barriers that are four feet tall blocking the escalator entrances, which barriers would have physically prevented plaintiff from entering the escalator at all, further establishes willfulness in this case, as in *Jenkins*, because at the time of the accident there existed known safety measures that would have prevented the accident. Furthermore, the evidence . . . establishes that the unprotected, unmarked, and unguarded nature of the severe hazard was noticeable by many employees working in that area of the first floor of [Dillard's] store on the morning of 20 August 2004, yet was not corrected prior to plaintiff's fall. Finally, [Dillard's] incident report indicated that the accident was caused by "inadequate safety" measures, and, according to the testimony of Mr. Chamochumbi [(a long-time Dillard employee)], the erection of barriers during the escalator maintenance has continued to be a mandatory procedure. . . . [P]laintiff has established the willful failure of [Dillard] to comply with applicable OSHA regulations, and that this willful failure was the proximate cause of plaintiff's injuries on 20 August 2004. Plaintiff is therefore entitled to a 10% increase in the compensation paid and

payable to him in this case under the Act. (Citations omitted).

Defendants admit that OSHA violations occurred and that such violations resulted in Plaintiff's injuries. Defendants contend, however, that the OSHA violations were, at most, due to negligence, and were not "willful" in nature. In *Jenkins*, 165 N.C. App. 86, 598 S.E.2d 252, a case upon which the Commission relied in support of its decision, the plaintiff's fingers were crushed by a brake press machine that lacked the proper metal guards. *Id.* at 88, 598 S.E.2d at 254. This Court upheld the Commission's determination that the defendant-employer had willfully violated OSHA regulations – thereby warranting penalty under N.C. Gen. Stat. § 97-12 – where the evidence supported the Commission's findings that the employer had failed to bring the brake press machine into compliance with the relevant OSHA standards "even though [the employer] *had been informed* by at least one employee of problems with the [brake press] machine" and further found that the employer "*had knowledge* through its employees . . . that some [of the brake press] machines were inadequately guarded." *Id.* at 97-98, 598 S.E.2d at 259 (emphasis added).

Here, the Commission determined that the evidence "establishe[d] that the unprotected, unmarked, and unguarded

nature of the severe hazard was *noticeable* by many employees working in that area of the first floor of [Dillard's] store on the morning [of Plaintiff's injury], yet was not corrected prior to Plaintiff's fall"; that "there existed known safety measures that would have prevented the accident"; and that, aside from the morning in question, Dillard had consistently implemented safeguards to protect against such accidents. These circumstances stand in stark contrast to those presented in *Jenkins*, where the employer *knew* that its equipment was not in compliance with the OSHA standards, but failed to take appropriate steps to correct such deficiencies. In the present case, the Commission found that Dillard had stationed a maintenance worker at the exposed pit, thus meeting OSHA's standard that the opening "shall be constantly attended by someone." 29 C.F.R. § 1910.23(a)(7). The Commission found that the maintenance worker had failed to warn Plaintiff of the exposed pit, as he had diverted his attention away from the pit to speak with another individual at the precise time that Plaintiff was descending the escalator stairs. These findings do not support a conclusion that Plaintiff's injuries were caused by a *willful* failure on Dillard's part to comply with the relevant OSHA regulations; rather, these findings indicate that

Plaintiff's injuries resulted from the negligence of the maintenance worker tasked with attending the hazardous area, a duty which, if properly discharged, would have brought Dillard into conformity with the OSHA regulations. Accordingly, we hold that the Commission's conclusion that Dillard's OSHA violations were willful is unsupported by the Commission's findings and, therefore, that the Commission erred in penalizing Defendants pursuant to N.C. Gen. Stat. § 97-12.

In light of the foregoing, the Commission's 26 June 2013 opinion and award is hereby

REVERSED.

Judges STROUD and HUNTER, JR. concur.

Report per Rule 30(e).